**Ex parte Jose F. OLIVARES.**

No. C–2448.

Supreme Court of Texas.

Dec. 7, 1983.

Rehearing Denied Feb. 1, 1984.

Benjamin F. Walker, San Antonio, for relator.

Groce, Locke & Hebdon, Ricardo Cedillo and Timothy Patton, San Antonio, for respondent.

ORIGINAL HABEAS CORPUS
PROCEEDING

WALLACE, Justice.

This is an original habeas corpus proceeding. Relator, Jose F. Olivares, was adjudged in contempt of the 166th District Court of Bexar County, Texas, for failure to comply with a judgment of that court entered on March 17, 1983. This court granted the application for writ of habeas corpus, and admitted Olivares to bail pending hearing of the cause.

Julia L. Cauthorn, sued Relator, Jose L. Olivares and wife Nancy Olivares, Eric Olivares, Trustee, Roman Pena, Trustee, and all successors in interest to the substitute trustee, concerning real property located in Bexar County, Texas, which was allegedly owned and/or controlled by Relator. On January 28, 1982, at approximately 9:15 a.m., the court orally pronounced an order of dismissal pursuant to a special appearance of Eric Olivares, Trustee to move for dismissal. At 4:46 p.m. on that date a counterclaim was filed by G.T. Galvan, Trustee, another of the defendants, against the plaintiff, Julia L. Cauthorn. On February 1, 1982, the court signed an order dismissing the cause. The order stated:

It is therefore ORDERED that Eric Olivares, Trustee, be held as having made a special appearance To Move For Dismissal and this cause is dismissed and held for naught.

On February 9, the court heard Cauthorn's motion to reinstate and orally granted same. However, no written order reinstating the cause was signed.

On September 3, 1982, Galvan filed a motion for nonsuit of his counterclaim. On March 2, 1983, the court signed an order granting the nonsuit of Galvan's counterclaim and, over the objection of Relator, proceeded to try Cauthorn's original suit.

The trial court signed a judgment on March 17, 1983, which found that the property in question was owned by Cauthorn, subject to any balance owing on a purchase money note executed by Relator and his

wife in 1974 and which was secured by a deed of trust lien. The judgment also granted a permanent injunction against Relator enjoining him from foreclosing on the property and directing him to perform certain acts.

On August 18, 1983, Cauthorn filed a motion for contempt against Relator, alleging that he had violated the judgment of the court dated March 17, 1983. On September 16, 1983, the court heard the matter and found Relator in contempt, assessing the punishment of two concurrent 60-day jail terms for violation of two provisions of the March 17, 1983 judgment. The order further provided that he was to remain in jail until he purged himself by complying with the judgment.

Relator has at all times vigorously contended that the trial court lost jurisdiction of the case when it was dismissed by oral pronouncement on January 28, 1982, no written order of reinstatement having been subsequently signed by the trial court. He points out that no counterclaim was pending at the time of the oral pronouncement of judgment although one was filed later that same day. We sustain Relator's allegation and hold that the trial court was without jurisdiction to enter the contempt order, and order his release.

■ When the court orally pronounced its judgment dismissing the cause on January 28, 1982, the rights of the parties were fixed. *Walker v. Harrison,* 597 S.W.2d 913, 915 (Tex.1980). All parties and all issues were disposed of by a dismissal of the plaintiff's cause. The formal entry of a signed judgment was merely a ministerial act. *Dunn v. Dunn,* 439 S.W.2d 830, 832 (Tex. 1969); *Knox v. Long,* 152 Tex. 291, 257 S.W.2d 289, 292 (1953); *UMC, Inc. v. Arthur Bros.,* 626 S.W.2d 819, 820 (Tex.App.— Corpus Christi 1981, writ ref'd n.r.e.).

Galvan's counterclaim, filed subsequent to the pronouncement of judgment could not have the effect of setting aside the judgment. *Metal Enterprises, Inc. v. Don Love, Inc.,* 562 S.W.2d 892 (Tex.Civ.App.— Houston [1st Dist.] 1978, writ ref'd n.r.e.). Once the order of dismissal became final, the trial court lost jurisdiction of the parties and subject matter in this cause. *Walker v. Harrison,* supra.

■ Cauthorn points out that the finding by the trial court that the case had been orally reinstated on February 9, 1982, was a part of the court's judgment of March 17, 1983, and was not appealed. Therefore, she contends that Relator is bound by the judgment and cannot collaterally attack it here. We reject that contention because the trial court had no jurisdiction to enter the March 17, 1983 judgment. The final judgment of dismissal can be set aside only by a written order specifically and expressly reinstating the cause previously dismissed. Such an order must be entered during the period of time in which the court has plenary jurisdiction. This period of plenary jurisdiction ended 30 days after the court heard and acted upon the motion to reinstate. *McCormack v. Guillot,* 597 S.W.2d 345 (Tex.1980). TEX.R.CIV.P. 329b. That motion was heard and acted upon on February 9, 1982, so the court's jurisdiction extended only until March 11, 1982. TEX.R.CIV.P. 329b. On March 2, 1983, the court had no jurisdiction to set aside the written order of dismissal dated February 1, 1982, therefore its action was a nullity.

The judgment of contempt is reversed and the Relator, Jose F. Olivares is ordered released from custody.