In re Charles Allan DOBBINS, Relator.

No. 05–07–01175–CV.

Court of Appeals of Texas, Dallas.

Feb. 29, 2008.

---

Georganna L. Simpson, Law Offices of Georganna L. Simpson, Kenneth Raggio, Dustin B. Parks, Law Offices of Raggio & Raggio, P.L.L.C., Dallas, for Relator.

Rande K. Herrell, Atty. Gen. Office, John B. Worley, Child Support Division, Michael D. Becker, Asst. Atty. Gen., Austin, Kristen Cherry, Kelly & Cherry, PLLC, Dallas, for Real Party in Interest.

Before Justices MOSELEY, BRIDGES, and FRANCIS.

## OPINION

Opinion by Justice FRANCIS.

This original proceeding involves the validity of a seventeen-year-old divorce decree. Relator Charles Allan Dobbins, who is the subject of a motion to confirm more than $188,000 in child support arrearage, argues the divorce decree awarding child support is void because the trial court had lost plenary power over the case at the time the decree was signed. The current judge of the 303rd Judicial District Court, the Honorable Dennise Garcia, rejected Dobbins's argument and denied his motion to dismiss for lack of jurisdiction.

In a single issue, Dobbins contends the trial court abused its discretion in denying the motion. For reasons set out below, we conclude the original trial court had jurisdiction over the divorce action when the decree was signed; consequently, the trial court did not err in denying the motion to dismiss.

In July 1990, Yvette Crabtree Dobbins (now known as Yvette Crabtree Dobbins–Banks) filed a petition for divorce to end her marriage to Dobbins. One week later, the trial court issued a scheduling order that, among other things, placed the case on the November 16, 1990 dismissal docket. On November 21, 1990, Judge Sue B. Lykes signed an order dismissing the cause for want of prosecution. Thirty days later, on December 21, 1990, Dobbins–Banks filed a motion to reinstate the case. The motion, however, was not verified. On January 2, 1991, Judge Lykes signed an order reinstating the cause. On April 10, 1991, Judge Lykes signed the Agreed Final Decree of Divorce, appointed Dobbins–Banks managing conservator of the parties' sixteen-month-old daughter, T. D., and ordered Dobbins to pay $600 per month in child support.

Over the next sixteen years, both parties operated with the understandable assumption that they were divorced. Both remarried other people and had other children. Then, in January 2007, the trial court signed an order terminating Dobbins's rights to T.D. after finding that Dobbins had executed an unrevoked or irrevocable affidavit of relinquishment of parental rights. Four months later, the Office of the Attorney General filed a motion to confirm a child support arrearage in excess of $188,000 against Dobbins regarding his obligations to T.D.

Dobbins responded by filing the following: (1) an original petition for divorce in the 256th Judicial District Court; (2) a response in opposition to the motion to confirm arrearage; and (3) a motion to dismiss the motion to confirm arrearage for lack of jurisdiction. The crux of the pleadings was that the original divorce decree was "ineffective" because the divorce action was dismissed and was not reinstated within the trial court's plenary jurisdiction. Dobbins asked the trial court to "immediately terminate the Order of Withholding and all other collection devices that the Attorney General may have placed in operation." His newly-filed petition for divorce also alleged the previous divorce was "ineffective."

The trial court held a hearing on the motion to dismiss at which time three exhibits were admitted as evidence: (1) the November 21, 1990 Order of Dismissal for Want of Prosecution, (2) the December 21, 1990 unverified motion to reinstate, and (3) the January 2, 1991 Order to Reinstate. Dobbins argued the trial court's plenary power expired on December 21, 1990, and any orders signed after that date, including the divorce decree, were void. The trial court denied the motion.

In this proceeding, Dobbins argues that because the December 21, 1990 motion to reinstate was unverified, it failed to extend the trial court's plenary power. He relies on the Texas Supreme Court's decision in *McConnell v. May*, 800 S.W.2d 194 (Tex. 1991) (orig.proceeding) (per curiam), and its progeny. In *McConnell*, the supreme court concluded that because the party had not filed a verified motion to reinstate within thirty days of the signing of the order of dismissal, the trial court's jurisdiction to reinstate the case expired. *McConnell*, 800 S.W.2d at 194. Since *McConnell*, courts have routinely concluded that only verified motions to reinstate extend a trial court's plenary power. *See Macarangal v. Andrews*, 838 S.W.2d 632, 633 (Tex.App.-Dallas 1992, orig. proceeding); *Andrews v. Stanton*, 198 S.W.3d 4, 7 (Tex.App.-El Paso 2006, no pet.) (unverified motion does not extend trial court's plenary power); *In re Garcia*, 94 S.W.3d 832, 833 (Tex.App.-Corpus Christi 2002, orig. proceeding) (same); *3V, Inc. v. JTS Enters., Inc.*, 40 S.W.3d 533, 538 (Tex. App.-Houston [14th Dist.] 2000, no pet.); *In re Montemayor*, 2 S.W.3d 542, 545 (Tex.App.-San Antonio 1999, orig. proceeding) (same); *Owen v. Hodge*, 874 S.W.2d

301, 303 (Tex.App.-Houston [1st Dist.] 1994, no pet.) (same).

In its most recent opinion on motions to reinstate, however, the supreme court questioned the continued validity of the *McConnell* decision. *See Guest v. Dixon*, 195 S.W.3d 687, 688–89 (Tex.2006) (per curiam). In *Guest*, the court was asked to decide whether a motion to reinstate, supported only by the affidavit of the movant's former attorney, extended the time for filing an appeal. The court recognized its previous holdings in *McConnell* and in *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex.1986) (per curiam), that an unverified motion to reinstate does not extend the deadlines for filing appeals or the trial court's plenary power. However, the court also recognized that it has since "repeatedly stressed that procedural rules should be construed and applied so that the right of appeal is not necessarily lost to technicalities." *Guest*, 195 S.W.3d at 688. The Court then "assumed" that the rule in *Butts and McConnell* survived the later cases and concluded the motion was properly verified by the affidavit of the former attorney "who was aware of the facts regarding its prosecution." *Id.* at 688–89. As the court explained, "To hold that the motion could not be supported by the affidavit of Guest's former attorney could deprive the party of the best evidence available. The rule does not require such a result." *Id.* at 689.

Here, the motion was not verified and no affidavit was attached to it. However, the order granting reinstatement shows that it was "approved" by the court master "RLN" on "12–21–90."[1] The only logical conclusion we can draw from this notation, given that the order recites that the mo-

---

1. At the hearing on the motion to dismiss, relator's counsel identified the initials as   those of the then court master.

tion and evidence were heard on December 21, 1990, is that the court master heard the motion on the thirtieth day, and after hearing evidence and argument, recommended to the presiding judge that the motion be granted.

Verification is "[a] formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *Andrews*, 198 S.W.3d at 8 (citing BLACK'S LAW DICTIONARY 556 (7th Ed.1999)). An affidavit is statutorily defined as "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." *Id.* (citing TEX. GOV'T CODE ANN. § 312.011(1) (Vernon 2005)). Thus, a verification declares that the facts contained in a certain document are true, while an affidavit contains facts stated under oath.

Here, the court master conducted a hearing on the motion at which sworn evidence was taken, presumably on the very facts that would be alleged in a motion to reinstate and verified, or set forth and sworn to in an accompanying affidavit. After hearing this evidence, the court master recommended approving the motion. Given the supreme court's directive in *Guest* that we liberally construe procedural rules so decisions turn on substance rather than procedural technicality, we conclude the combination of the evidentiary hearing with the court master's recommendation of approval, within the thirty days, was an adequate substitute for the more technical verification requirement of *McConnell*. *See Guest*, 195 S.W.3d at 689; *see also Fed. Lanes, Inc. v. City of Houston*, 905 S.W.2d 686, 689 (Tex.App.-Houston [1st Dist.] 1995, writ denied) (concluding that timely filed joint motion to reinstate satisfies verification require-ment and trial court therefore had jurisdiction to consider motion). Consequently, the trial court's plenary power was extended, and the trial court had plenary power to grant the motion to reinstate on January 2, 1991.

We deny the petition for writ of mandamus.

MOSELEY, J., Dissenting.

## DISSENTING OPINION

Dissenting Opinion by Justice MOSELEY.

I refer to the majority opinion for a detailed statement of the facts. Based on those facts, however, I respectfully dissent.

"A motion to reinstate shall set forth the grounds therefor and be *verified* by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed...." TEX.R. CIV. P. 165a(3) (emphasis added). A proper motion to reinstate must be verified and filed with the clerk within thirty days of the signing of the order of dismissal. *McConnell v. May*, 800 S.W.2d 194, 194 (Tex.1990) (orig.proceeding) (per curiam). If it is not, the trial court's jurisdiction to reinstate the case expires. *Id.*

It is undisputed that Yvette did not file a sworn motion to reinstate the divorce case within thirty days of the November 21, 1990 order of dismissal. Thus, the trial court's jurisdiction to reinstate her divorce case expired on December 21, 1990, *see id.*, and its January 1991 reinstatement order and its 1991 divorce decree are void. *See id.; State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex.1995) (per curiam) ("Judicial action taken after the court's jurisdiction over a cause has expired is a nullity.") (citing *Times Herald Printing Co. v. Jones*, 730 S.W.2d 648, 649 (Tex. 1987) (per curiam); *First Alief Bank v.*

*White,* 682 S.W.2d 251, 252 (Tex.1984) (per curiam); and *Ex parte Olivares,* 662 S.W.2d 594, 595 (Tex.1983)). For the same reason, the trial court has no jurisdiction over the Office of the Attorney General's motion to confirm arrearages, which was filed in the same proceeding.

The majority opinion deviates from the above analysis by concluding that "the combination of the evidentiary hearing with the court master's recommendation of approval, within the thirty days, was an adequate substitute for the more technical verification requirement of *McConnell.*" *In re Dobbins,* No. 05–07–01175–CV, 247 S.W.3d 394, at 397, 2008 WL 541901 (Tex. App.-Dallas Feb.29, 2008, orig. proceeding). This conclusion rests on the premise that the continued validity of *McConnell* was called into question by *Guest v. Dixon,* 195 S.W.3d 687 (Tex.2006) (per curiam). However, I do not believe that *Guest* can be taken so far as to permit us to deviate from the clear holding in *McConnell* or to construe rule 165a as being satisfied by the procedure sanctioned by the majority opinion.

In *Guest,* the court considered whether rule 165a's provision that a motion to reinstate must be "verified by the movant or his attorney" is satisfied by a motion filed with an affidavit from the movant's *former* attorney. *Id.* at 688. The court held it was, noting that to rule otherwise "could deprive the party of the best evidence available." *Id.* at 689. The court noted:

We held in *Butts v. Capitol City Nursing Home, Inc.,* 705 S.W.2d 696, 697 (Tex.1986) (per curiam), and again in *McConnell* ... that an unverified motion to reinstate does not extend the deadline for perfecting appeal. Since those cases we have repeatedly stressed that procedural rules should be construed and applied so that the right of appeal is not unnecessarily lost to tech-

nicalities.... Assuming that the rule in *Butts* and *McConnell* survives our later cases, we think the motion in this case was properly verified because it was supported by the affidavit of Guest's attorney for much of the time the case was pending, who was aware of the facts regarding its prosecution. That was sufficient to satisfy Rule 165a....

*Id.* at 688–89 (footnote omitted). Thus, *Guest's* reference to the policy of construing procedural rules to avoid unnecessary, technical obstacles is made in the context of deciding that the word "attorney" in rule 165a included a former attorney. *Id.* This is a far cry from doing away altogether with the rule's requirement that the motion be verified by *someone.*

The procedure sanctioned here is nothing like that involved in *Guest,* in which an actual affidavit, sworn to by the party's former attorney, was timely filed with the court. Here we have an unsworn, barebones motion to reinstate, filed on December 21, 1990—the thirtieth day after the order of dismissal. It recites only that Yvette desires to pursue the divorce action, and it contains a certificate of service stating that it was being mailed to Charles's counsel on the day it was filed. Clearly this alone is insufficient to comply with rule 165a. However, based on the court master's notation "Approved 12–21–90" (along with the master's initials), the majority opinion presumes that on the day the motion was filed a hearing was held, that all parties were present or represented, that sworn testimony sufficient to support the order granting the motion was heard by the master, and that based on that testimony, the master noted "approved" on the proposed order. It then uses these presumptions as the basis for concluding that this procedure is an "adequate substitute" for rule 165a's plain re-

quirement that a motion to reinstate be verified.

Further, *Guest* was decided on the premise that the holding in *McConnell* remains, and that premise binds us as well. *See Lubbock County, Tex. v. Trammel's Lubbock Bail Bonds,* 80 S.W.3d 580, 585 (Tex.2002) (courts of appeals's function not to abrogate or modify established precedent). Although the majority opinion obviously does not limit or overrule *McConnell,* the effect of its analysis is to attempt to do just that.

The parties have conducted themselves as though they were divorced in 1991, and we properly disfavor holding the 1991 decree void. However, subject-matter jurisdiction is a requirement for a valid judgment, not a technicality, and it cannot be established through the agreement of the parties or through waiver. *See Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser,* 140 S.W.3d 351, 358 (Tex.2004). I believe we have no option in this case but to recognize the state of the record before us and to act accordingly.

The undisputed facts, the text of rule 165a, and the supreme court's clear holding in *McConnell* and other cases compel the conclusion that: (1) the trial court lost its jurisdiction in this case in 1990 and has no jurisdiction to hear the Office of the Attorney General's motion; and (2) the motion is an attempt to enforce a void judgment. Thus, I would conclude the trial court abused its discretion in denying Charles's motion to dismiss. *See Walker v. Packer,* 827 S.W.2d 833, 839–41 (Tex. 1992) (orig.proceeding). I would also conclude that, under the facts of this case, Charles has no adequate remedy at law. *See In re Prudential Ins. Co. of Am.,* 148

S.W.3d 124, 135–38 (Tex.2004) (orig.proceeding).[1] Thus, I would grant the petition for mandamus. Because the majority does not do so, I respectfully dissent.

---

1. This resolution does not leave Yvette without possible remedy. Along with his motion, Charles also filed a petition for divorce against Yvette. As noted by the trial court,

Charles may well be subjected to retroactive child-support obligations arising in connection with this pending divorce.