Affirmed and Memorandum Opinion filed November 19, 2009.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00676-CV

___________________

 

RALPH O. DOUGLAS, Appellant

 

V.

 

AMERICAN TITLE COMPANY, Appellee



 



 

On
Appeal from the 133rd District Court

Harris County,
Texas



Trial Court Cause No. 2007-65777

 



 

 

MEMORANDUM  OPINION

            In this appeal from an order dismissing his case for
want of prosecution, appellant Douglas, an indigent inmate appearing in propria
persona, raises three issues asserting that the trial court abused its
discretion by failing to conduct a dismissal hearing or a hearing on his motion
to reinstate and by failing to consider his motion to retain. We affirm the
trial court’s order.

 

FACTUAL
BACKGROUND AND 

COURSE OF
PROCEEDINGS

 

            In
1999, Douglas contracted with appellee American Title Company (ATC) to perform
title services. See Douglas v. Amer. Title Co., No. 01-04-00265-CV, 2005
WL 568290, at *1 (Tex. App.—Houston [1st Dist.] Mar. 10, 2005, no pet.) (mem.
op.). Thereafter, Douglas was indicted for real estate fraud.[1] See id. The
Harris County District Attorney’s Office requested that ATC halt all
transactions related to properties covered by the fraud allegations, and ATC
complied with that request. Id. In response, Douglas sued ATC for breach
of contract. See id. ATC filed a summary judgment motion, which the trial
court granted. Id. at *2. Douglas then filed a restricted appeal, which
was dismissed for lack of subject matter jurisdiction. Id. at *3. 

            In
2004, Douglas filed a second suit against ATC complaining of its failure to
produce mortgage records. See Douglas v. Amer. Title Co., 196 S.W.3d 876
(Tex. App.—Houston [1st Dist.] 2006, no pet.). In response to ATC’s motion to
have Douglas declared a vexatious litigant pursuant to Chapter 11 of the Texas
Civil Practice and Remedies Code, the trial court ordered Douglas to pay
security in the amount of $5,000. See id. at 878; see also Tex.
Civ. Prac. & Rem. Code Ann. §§ 11.054-.056 (Vernon 2002). The trial court then
dismissed the suit because Douglas failed to furnish the ordered security
within the time set out in the vexatious litigant order. See Douglas,
196 S.W.3d at 879; see also Tex. Civ. Prac. & Rem. Code Ann § 11.056
(Vernon 2002). The First Court of Appeals reversed the judgment, finding the
trial court abused its discretion in granting ATC’s vexatious litigant motion
for security, and remanded the case to the trial court. See Douglas, 196
S.W.3d at 883. No subsequent appeals in the 2004 suit are reported, but Douglas
has acknowledged that the 2004 suit was dismissed pursuant to Chapter 14 of the
Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code
Ann. § 14.003 (Vernon 2002) (permitting dismissal of an inmate’s claim if the
court finds the claim is frivolous or malicious). An appeal in the 2004 suit is
pending at the First Court of Appeals under case number 01-07-00358-CV.

In 2007, Douglas filed this
new suit against ATC seeking mortgage documents on the same properties named in
the 2004 suit.[2]
On March 13, 2008, the trial court issued a “Notice of Intent to Dismiss — No
Answer Filed.” The notice stated the case would be dismissed for want of
prosecution unless one of the following actions occurred on or before April 14,
2008:

1.      Douglas
filed and had heard a motion for default judgment; or

2.      An
answer was filed; or

3.      Douglas
filed a verified motion to retain, showing good cause to retain the case or
diligence in prosecution, and appeared at the dismissal hearing on April 14,
2008.

Douglas
filed a motion to retain on April 2, 2008. On April 30, 2008, the trial court
signed an order dismissing the case for want of prosecution, stating Douglas
failed to comply with the court’s dismissal notice. Douglas then filed a motion
to reinstate on June 2, 2008, which was timely mailed on May 30, 2008. See Tex.
R. Civ. P. 5, 165a(3). The motion was overruled by operation of law. See Tex.
R. Civ. P. 165a(3). Douglas then brought this appeal.

ISSUES AND STANDARD OF REVIEW

            A
trial court has both the inherent power to dismiss a case for want of
prosecution and express authority to do so pursuant to Texas Rule of Civil
Procedure 165a. Tex.R. Civ. P. 165a; Villarreal v. San Antonio Truck &
Equip., 994 S.W.2d 628, 630 (Tex. 1999). Rule 165a provides for dismissal
in cases where a plaintiff fails to appear for any scheduled hearing, or when
the case is not disposed of within the time standards set by the Texas Supreme
Court. Id. Rule 165a also provides a procedure for reinstatement of
causes dismissed for want of prosecution. See Tex. R. Civ. P. 165a(3). 

            Douglas
raises three issues challenging the dismissal of his case. He asserts that the
trial court abused its discretion by failing to set a hearing on his motion to
reinstate. Secondly, he argues that the trial court abused its discretion by
failing to conduct an oral hearing, giving him an opportunity to be heard
before his case was dismissed. Lastly, Douglas complains that the court abused
its discretion by failing to consider his motion to retain before dismissal.
ATC did not file a brief in response to Douglas’s issues.

The standard of review of
a trial court’s dismissal for want of prosecution and denial of a motion to
reinstate is abuse of discretion. MacGregor v. Rich, 941 S.W.2d 74, 75
(Tex. 1997) (dismissal for want of prosecution); Smith v. Babcock &
Wilcox Const. Co., 913 S.W.2d 467, 467 (Tex. 1995) (denial of motion to
reinstate). An abuse of discretion occurs if the trial court acts without
reference to any guiding rules or principles or acts in an arbitrary or
unreasonable manner. Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241 (Tex. 1985). An abuse of discretion is not demonstrated merely because
a trial court may decide a matter within its discretion in a different manner
than an appellate court would in a similar circumstance. Id. In
reviewing a trial court's dismissal order, we look at the entire history of the
case and perform a fact intensive, case-by-case determination. Olin Corp. v.
Coastal Water Auth., 849 S.W.2d 852, 856-58 (Tex. App.—Houston [1st Dist.]
1993, no writ).

ANALYSIS

            Because
Douglas’s issues are interrelated, we will address them together. In its
dismissal notice, the trial court required three alternative actions to prevent
dismissal of this case. Douglas chose the third alternative, filing a motion to
retain. In his motion, Douglas explained that he had re-filed his suit and paid
the filing fee requested by the district clerk. He had requested service of his
petition on ATC, but the district clerk’s office had apparently not included
the constable’s fee in its calculation of the required fees. Douglas requested
that the court retain his case and give him time to pay the constable’s fee so
ATC could be served with citation. He also requested permission to appear at
the dismissal hearing by telephone, video conference or other alternative
means. He did not explain what, if any, further testimony he wished to offer. He
did not request a bench warrant to be present at the hearing. See Allen v.
Rushing, 129 S.W.3d 226, 230 (Tex. App.-Texarkana 2004, no pet.) (stating
there was no reversible error in not ruling on a request to appear at a hearing
on a motion to dismiss when the request did not state what the testimony would
be and the litigant had failed to serve summons on the main defendant).

            There
is no record of the dismissal hearing filed with this court. The official court
reporter advised this court that no record of a hearing was reported in this
case. The trial court’s dismissal order does not state whether a hearing was
conducted. Douglas argues that the trial court was required to conduct an oral
hearing before dismissal. Even though our record does not affirmatively show
that no hearing was held, a separate dismissal hearing is not always required. See
Alexander v. Lynda’s Boutique, 134 S.W.3d 845, 852 (Tex. 2004) (holding separate
hearing to adjudicate dismissal not required when plaintiff did not comply with
express requirements in dismissal notice). 

The trial court required
Douglas to file a verified motion to retain showing good cause to retain
the case or that he had diligently prosecuted the case. Verification is “[a]
formal declaration made in the presence of an authorized officer, such as a
notary public, by which one swears to the truth of the statements in the
document.” Andrews v Stanton, 198 S.W.3d 4, 8 (Tex. App.—El Paso 2006,
no pet.). Instead of a verification, Douglas’s motion purports to include an
“affidavit.” An affidavit is statutorily defined as “a statement in writing of
a fact or facts signed by the party making it, sworn to before an officer
authorized to administer oaths, and officially certified to by the officer
under his seal of office.” Tex. Gov’t Code Ann. § 312.011(1) (Vernon 2005); see
In re Dobbins, 247 S.W.3d 394, 397 (Tex. App.—Dallas 2008, orig.
proceeding). Douglas’s motion is not attested by a notary or other authorized
official. Therefore, Douglas’s motion is not verified and does not contain an
affidavit.

Sections 132.001 and
132.002 of the Texas Civil Practice and Remedies Code permit inmates to file
unsworn declarations that follow a prescribed form in lieu of sworn documents. See
Tex. Civ. Prac. & Rem. Code Ann. §§ 132.001, 132.002 (Vernon 2005 & Supp.
2009). The unsworn inmate declaration must be in writing and be subscribed by
the person making the declaration as true under penalty of perjury. Id. §
132.002. Douglas did not declare under penalty of perjury that his statements
were true. Therefore, his declaration does not satisfy the statutory
requirement and cannot substitute for a sworn verification. 

Douglas asserts that he
has an “absolute right” for the trial court to consider his motion to retain at
a hearing. Because the motion to retain did not comply with the trial court’s
requirement that it be verified, the trial court was not required to consider
it. A pro se litigant is held to the same standards as a licensed attorney as
far as knowledge of the rules of practice and procedure are concerned. Mansfield
State Bank v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978). Accordingly, Douglas
was required to comply with all applicable procedural rules. Because Douglas
did not comply with the express requirements in the dismissal notice, a
dismissal hearing was not required. See Alexander, 134 S.W.3d at 852.

After the suit was
dismissed, Douglas filed a motion to reinstate. He asserts that he has an
“absolute right” to a hearing on his motion to reinstate. Rule 165 requires a
hearing on a timely filed and properly verified motion to reinstate. Tex. R.
Civ. P. 165a(3) (“The clerk shall deliver a copy of the motion to the judge, who
shall set a hearing on the motion as soon as practicable.”); see also Thordson
v. City of Houston, 815 S.W.2d 550, 550 (Tex. 1991) (per curiam).

A motion to reinstate
must also be verified. Tex. R. Civ. P. 165a(3); McConnell v. May, 800
S.W.2d 194, 194 (Tex. 1990). Case law has extended the rule to permit a motion
to reinstate to be supported by an affidavit instead of a verification. See
Guest v. Dixon, 195 S.W.3d 687, 689 (Tex. 2006) (holding that motion to
reinstate supported by former attorney’s affidavit was effective to extend
trial court’s plenary power). Douglas’s motion to reinstate is not verified.
The “affidavit” attached to his motion to reinstate, identical to that attached
to his motion to retain, also does not satisfy the requirements for an affidavit
or an inmate’s unsworn declaration. See Tex. Gov’t Code Ann. §
312.011(1) (Vernon 2005); Tex. Civ. Prac. & Rem.Code Ann. § 132.002 (Vernon
2005). A trial court may not reinstate in the absence of a properly verified
motion to reinstate. McConnell, 800 S.W.2d at 194. A reinstatement
motion lacking a verification or an affidavit is a nullity. In re Trinity
Universal Ins. Co. of Kansas, No. 04-06-00471-CV, 2006 WL 2819767 * 1 (Tex.
App.—San Antonio 2006, orig. proceeding) (mem. op.)

Moreover, there is no
absolute right for an inmate to appear in court in person in a civil case. In
re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003). In considering an inmate’s
right to appear, courts generally follow a balancing approach, weighing the
preservation of the correctional system’s integrity against the prisoner’s
right of access, with a goal of achieving a balance that is fundamentally fair.
Ex parte Guajardo, 70 S.W.3d 202, 205 (Tex. App.—San Antonio 2001, no
pet.). A trial court should consider a number of factors, including:

• the cost and inconvenience of transporting the prisoner
to the courtroom;

• the security risk the prisoner presents to the court and
public;

• whether the prisoner’s claims are substantial;

•
whether the matter’s resolution can reasonably be delayed until the prisoner's
release;

•
whether the prisoner can and will offer admissible, noncumulative testimony
that cannot be effectively presented by deposition, telephone, or some other
means;

•
whether the prisoner's presence is important in judging his demeanor and
credibility;

• whether the trial is to the court or a jury; and

• the prisoner's probability of success on the merits.

 

Z.L.T.,
124 S.W.3d at 165-66. The burden is on the inmate to establish his right to
relief, and if the inmate fails to present sufficient information to the trial
court for the trial court to evaluate whether the inmate’s participation in a
hearing is warranted, the trial court has no independent duty to evaluate the
factors and does not abuse its discretion by denying the request. Id. at
166. These factors can also apply in considering alternative means of
participation, including appearance by video conference. See Ringer v.
Kimball, 274 S.W.3d 865, 869 (Tex. App.—Fort Worth 2008, no pet.). Because
Douglas failed to argue why his participation in a dismissal or reinstatement
hearing was warranted, the trial court did not abuse its discretion in
impliedly denying the request.

CONCLUSION

            We
find that the trial court did not abuse its discretion in failing to conduct a
dismissal hearing to consider Douglas’s motion to retain or a hearing on
Douglas’s motion to reinstate. We overrule Douglas’s three issues.

Having considered and
overruled Douglas’s issues, we affirm the trial court’s dismissal order.

                                                                        PER
CURIAM

 

 

 

Panel consists of Chief
Justice Hedges and Justices Seymore and Sullivan.

 









[1]  Douglas was subsequently
convicted of theft of property in the aggregate amount of between $100,000 and
$200,000 and sentenced to life in prison. See Douglas v. State, No.
14-00-01226-CR, 2002 WL 1988163 (Tex. App.-—Houston [14th Dist.] Aug.
29, 2002, pet. ref’d) (not designated for publication).





[2]  This case was filed
under a new trial court cause number; therefore, our local rules do not require
that it be transferred to the First Court of Appeals where the related cases
were heard. See Local Rules for the Fourteenth District Court of
Appeals, Houston Relating to Assignment of Related Cases to and Transfers of
Related Cases Between the First and Fourteenth Courts of Appeals, Misc. Docket
No. 06-9158 (Tex. Dec. 7, 2006). (Westlaw reports that Douglas has filed over
40 appeals and original proceedings in both Houston Courts of Appeals.)