**Dismissed and Opinion Filed July 31, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00707-CV

### ASHLEY & LAIRD, L.C. AND JOHN HAMILTON, Appellants
### V.
### JESS GILBERT, Appellee

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-00319-A**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart
Opinion by Chief Justice Wright

Appellants appeal the trial court's March 18, 2015 order dismissing this case for want of prosecution. This case began in the trial court when appellants filed their original petition seeking to compel arbitration of their claims. The trial court signed an order compelling arbitration and ordered the case administratively closed subject to being reopened "upon notification by any party." The arbitration was ultimately closed by the arbitrator after appellants failed to respond to a request for payment of a required fee. Appellee then filed a motion to reopen the case in the trial court and to dismiss for want of prosecution. On March 18, 2015, the trial court granted the motion to reopen, ordered the case dismissed for want of prosecution and awarded appellee attorney's fees.

Appellants filed a motion for new trial, for rehearing and a plea to the jurisdiction on April 17, 2015. The motion was unverified and was not supported by affidavit. The trial court conducted a hearing on June 1, 2015, at which no evidence was taken, and denied the motion. The appellants subsequently filed their notice of appeal on June 4, 2015. Appellee now moves to dismiss the appeal arguing that the motion for new trial failed to extend appellants' deadline for filing their notice of appeal and that the notice of appeal is untimely as a consequence. Appellant has not responded to the motion.

A party seeking to restore a case to a trial court's docket following dismissal for want of prosecution must file a motion to reinstate the case verified by the movant or his attorney within thirty days of the dismissal. TEX. R. CIV. P. 165a(3). Rule 165a provides a "detailed scheme and timetable" for the reinstatement of a cause dismissed for want of prosecution. *Gilbert v. Huber, Hunt, Nichols, Inc.*, 671 S.W.2d 869, 870 (Tex. 1984) (per curiam).

A proper motion to reinstate filed within thirty days of the signing of an order of dismissal extends the time for perfecting an appeal in the same manner as a motion for new trial. *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986) (per curiam). An unverified motion to reinstate is not a proper motion, however, and does not extend the time for filing a notice of appeal. *Id.; see also McConnell v. May*, 800 S.W.2d 194 (Tex. 1990) (per curiam) (unverified motion to reinstate does not extend trial court's plenary power to grant new trial). "Rule 165a(3) sets forth a complete and exclusive remedy by way of a verified motion to reinstate." *City of McAllen v. Ramirez*, 875 S.W.2d 702, 704 (Tex. App.—Corpus Christi 1994, no writ); *see also Vaughn v. Volvo GM Heavy Truck Corp.*, No. 05-98-00055-CV, 2000 WL 1036323, at *2 (Tex. App.—Dallas July 28, 2000, no pet.) (not designated for publication) ("A party may not circumvent the verification requirements of rule 165a(3) by merely changing the caption of his motion to reinstate by calling it a motion for new trial.")

–2–

An affidavit may satisfy the verification requirement. *Guest v. Dixon*, 195 S.W.3d 687, 689 (Tex. 2006) (per curiam) (holding affidavit of former attorney was sufficient to satisfy verification requirement of Rule 165a); *see also Fisher v. Prestonwood Baptist Church Inc.*, 05-12-00186-CV, 2013 WL 1319352, at *1 (Tex. App.—Dallas Mar. 28, 2013, no pet.) (affidavit that "actually verifies" motion to reinstate by reciting sufficient facts and attributing sufficient personal knowledge as to constitute proper verification satisfies verification requirement). Given the supreme court's directive that procedural rules should be construed so that decisions turn on substance rather than procedural technicality, we have also concluded that an evidentiary hearing conducted within the thirty day period for filing a verified motion for reinstatement satisfies the purposes of the rule and extends the deadline for filing a notice of appeal. *In re Dobbins*, 247 S.W.3d 394, 397 (Tex. App.—Dallas 2008, orig. proceeding) ("[W]e conclude the combination of the evidentiary hearing with the court master's recommendation of approval, within the thirty days, was an adequate substitute for the more technical verification requirement."). As the Fort Worth Court of Appeals has explained, these cases stand for the proposition that failure to file a verified motion to reinstate may be cured if an affidavit or other evidence supporting the motion is filed within the same thirty-day period required for filing of the motion to reinstate. *In re Valliance Bank*, 422 S.W.3d 722, 727 (Tex. App.—Fort Worth 2012, no pet.). Here, however, the trial court's hearing was non-evidentiary and was conducted after the trial court's plenary power had expired, more than thirty days after the judgment dismissing the case for want of prosecution was signed. Thus, there is no basis for arguing that appellants made any effort to cure the defective motion to reinstate.

Absent a verified motion to reinstate, a notice of appeal from an order dismissing a case for want of prosecution is due within thirty days of the date of the order. TEX. R. APP. P. 26.1. Because we conclude that the unverified motion to reinstate, for new trial and plea to the

–3–

jurisdiction did not operate to extend the appellate timetable, appellant's notice of appeal was due on April 17, 2015, thirty days after the trial court ordered the case dismissed. Appellant's notice of appeal was filed on June 4, 2015, seventy-eight days after the trial court ordered the case dismissed. As a result, appellant's notice of appeal was untimely. Without a timely filed notice of appeal, this Court lacks jurisdiction. TEX. R. APP. P. 25.1(b). We grant appellee's motion and dismiss the appeal for lack of jurisdiction.

150707F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ASHLEY & LAIRD, L.C. AND JOHN
HAMILTON, Appellants

No. 05-15-00707-CV      V.

JESS GILBERT, Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-00319-A.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Stoddart
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 31st day of July, 2015.