

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00008-CV

_____

JANE ANN WALKER ALVIZO, Appellant

V.

ANDY WALKER, Appellee

On Appeal from the County Court at Law
Fannin County, Texas
Trial Court No. CV-2016-7416

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Andy Walker filed a petition for declaratory judgment against Jane Ann Walker Alvizo in September 2016 seeking an equitable division of property that he and Alvizo inherited from their parents. On September 17, 2018, the trial court entered an order and final judgment that incorporated the parties' agreed property divisions. The judgment listed six tracts of property, each of which were described by metes and bounds. The judgment awarded "Property One" to Alvizo and "Property Four" to Walker. The remaining properties were divided equally between Alvizo and Walker. The judgment gave Underwood Surveying (Underwood) "full permission to enter upon the property and conduct and complete any necessary surveys to effectuate the divisions previously agreed and ruled upon . . . ." Following completion of the surveys necessary to effectuate the property divisions, the judgment ordered the parties to "sign the necessary conveyance documents and deeds to comply with the terms of [the] judgment."

In May 2019, following the completion of the surveys, Walker filed a motion to enforce the judgment alleging that Alvizo objected to "one of the conveyance documents and/or surveys" of Property Four, which property was awarded to Walker in the judgment. According to Walker, Alvizo's objection was based on the survey lines of Property Four because they "surveyed out less than the 21.75 which was intended, granting Defendant additional acreage. A straight line would have increased Plaintiff's share over 21.75 acres." Walker asked the court to require Alvizo to "comply with the final judgment and execute the necessary conveyance documents, award [Walker] $1,500.00 in reasonable attorney's fees for the continued delay and bring [the] matter to a close."

After hearing argument and reviewing briefing on this issue, the court entered an order dated November 14, 2019. The court found, "Property 4, a purported 21.75 acre tract to be awarded to [Walker,] cannot be surveyed in a straight line to include the exact acreage and the intended farm equipment that was to pass with this parcel." The court further found, "[Walker's] proposed survey, which is some 21.69 acres, complies with the settlement, the final judgment, and follows the intent of the Walker parents' estate planning documents for this parcel and bequest." Alvizo appealed the trial court's November 14, 2019, order.

The September 17, 2018, judgment finally disposed of all parties and claims between them. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). Because Alvizo timely filed a motion to modify, correct, or reform the judgment and motion for new trial, the trial court had plenary power to "grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions [were] overruled, either by a written and signed order or by operation of law, whichever [happened] first." TEX. R. CIV. P. 329b(e). In this case, Alvizo's motion was overruled by operation of law on December 1, 2018, seventy-five days after the judgment was signed. *See* TEX. R. CIV. P. 329b. The trial court, therefore, retained plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment for thirty days thereafter, until December 31, 2018. *See* TEX. R. CIV. P. 329b(e).

Our jurisdiction, as an appellate court, is constitutional and statutory in nature. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220 (Supp.). Unless we are given specific authority over an appeal from a particular type of order, we have jurisdiction only over timely appeals from final judgments. *Lehmann*, 39 S.W.3d at 195. It appears that the trial court was

3

without jurisdiction to enter the November 14, 2019, order and, by extension, that we lack jurisdiction over the merits of this appeal. "Appellate court jurisdiction of the merits of a case extends no further than that of the court from which the appeal is taken." *Dallas Cty. Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied).

We informed Alvizo of this potential defect in our jurisdiction over the merits of this case and afforded her the opportunity to demonstrate proper grounds for our retention of the appeal. In an unusual twist, we received a letter from Walker claiming that this Court has jurisdiction over this appeal because the November 14, 2019, order was merely an order by the trial court enforcing its judgment. *See Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982) ("The general rule is that every court having jurisdiction to render a judgment has the inherent power to enforce its judgments."); *Custom Corps., Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 839 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (noting that trial court has both statutory and inherent power to enforce its judgment). Alvizo thereafter filed a response in which she claimed (1) that, because the November 14, 2019, order constituted a material change in the substantive adjudicative portions of the judgment, it was not an enforcement order, (2) that the trial court's order is void, and (3) that this Court does not have jurisdiction over this appeal.

After the trial court loses plenary power, it nevertheless maintains the inherent power to enforce its judgment. TEX. GOV'T CODE ANN. § 21.001(a); *Arndt*, 633 S.W.2d at 499. "The only limitations on a trial court's power to enforce its own judgments is that any enforcement order must be consistent with the original judgment and must not materially change the judgment." *Miga v. Jensen*, Nos. 02-11-00074-CV, 02-11-00167-CV, 2012 WL 745329, at *9 (Tex. App.—Fort

4

Worth Mar. 8, 2012, no pet.) (mem. op.); *Harris Cty. Appraisal Dist. v. West*, 708 S.W.2d 893, 896 (Tex. App.—Houston [14th Dist.] 1986, orig. proceeding) (holding that enforcement order must not be inconsistent with original judgment and must not constitute material change in substantive adjudicated portions of judgment).

The final judgment awarded Property Four—described by precise metes and bounds and encompassing 21.75 acres—to Walker. The November 14, 2019, order effectively changed the award to Walker in that it changed the boundary line on Property Four and, in so doing, decreased the acreage of Property Four from 21.75 acres to 21.69 acres. Although the final judgment called for surveys by Underwood, those surveys were limited to those necessary "to effectuate the divisions previously agreed and ruled upon . . . ." The final judgment awarded 100% of Property Four to Walker. In contrast, all but one of the other properties listed in the final judgment were divided equally between Walker and Alvizo. To effectuate those divisions, surveys were necessary. There was no need for a survey of Property Four, and, according to the final judgment, Alvizo was required to deed Property Four to Walker.[1]

Because the November 14, 2019, order materially changed a substantive adjudicative portion of the judgment, it was not an enforcement order. Rather, it was a modification of the judgment at a time when the trial court had no plenary power to enter such an order. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam) ("Judicial action taken after the court's jurisdiction over a cause has expired is a nullity."); *Times Herald Printing Co. v. Jones*,

---

[1]Although Property Four and Property One share a common boundary, the description of Property One excepts Property Four from its legal description.

5

730 S.W.2d 648, 649 (Tex. 1987) (per curiam); *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984) (per curiam); *Ex parte Olivares*, 662 S.W.2d 594, 595 (Tex. 1983) (orig. proceeding). Although a party affected by a void judgment need not appeal, if an appeal is taken, we are to declare void any orders of the trial court after the expiration of its plenary power. *Latty*, 907 S.W.2d at 486. We, therefore, declare the November 14, 2019, order void.

We dismiss this appeal for want of jurisdiction.

Ralph K. Burgess
Justice

Date Submitted:    March 20, 2020
Date Decided:     March 23, 2020