Gilbert ANDREWS, Appellant,

v.

Thomas E. STANTON, Christopher Allen Antcliff, and Mark Gregory Briggs, Appellees.

No. 08–05–00206–CV.

Court of Appeals of Texas, El Paso.

Jan. 5, 2006.

Carl Pipoly, Pipoly Law Offices, San Antonio, for Appellant.

Steven L. Hughes, Mounce, Green, Myers, Safi & Galatzan, El Paso, for Appellees.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

Gilbert Andrews appeals from an order dismissing his cause of action for want of prosecution. Because we conclude the trial court erroneously determined it lacked plenary power to consider Andrews' motion to reinstate, we reverse and remand.

## FACTUAL SUMMARY

On May 17, 2004, Gilbert Andrews filed a legal malpractice suit against Thomas E. Stanton, Christopher Allen Antcliff, and Mark Gregory Briggs, all of whom an-

swered in June 2004. On January 25, 2005, less than seven months after the last defendant answered, the trial court sent notice to Andrews of its intent to dismiss for want of prosecution. A hearing was set for March 3, 2005, but the court chose to meet in chambers with the attorneys. A dismissal order was signed on March 7. On March 29, Andrews filed a document entitled, "Plaintiff's Verified Motion to Reinstate" which alleged that:

- suit was filed on May 17, 2004;
- written discovery had been ongoing since the defendants filed their answers in June 2004;
- Andrews had scheduled depositions of two of the defendants in April 2005 but could not schedule them earlier because of defense counsel's trial schedule;
- Andrews was not ready to proceed to trial because he had been unable to take the depositions of the defendants;
- his lawyer had instructed his office staff in September of 2004 to set the case on the jury docket but they had failed to do so for several reasons, including that the fact that the county clerk's office had not returned their calls regarding the correct fee amount; and
- the court had dismissed the suit prior to the expiration of the time standards set by the Texas Rules of Judicial Administration and the local rules established by the county and district courts of El Paso County.

A verification paragraph was appended to the motion but it was defective because Andrews' signature was not notarized. The motion did expressly incorporate an affidavit of Andrews' counsel which was attached. In his affidavit, counsel explained that:

- he and defense counsel had been working together to get the case to trial;
- written discovery had taken place;
- the parties had reached an agreement regarding the production of over twenty boxes of documents;
- the parties had scheduled the defendants' depositions for April 2005 and had been unable to schedule them earlier due to defense counsel's unavailability for three consecutive months;
- the dismissal notice was sent while the case was still in the level 2 discovery period; and
- counsel erroneously believed that the case had been set on the jury docket.

Finding that the affidavit did not verify the motion within the meaning of Rule 165a(3), the trial court determined that its plenary jurisdiction had expired and refused to act on the motion to reinstate. On May 31, 2005, Andrews filed an amended verified motion to reinstate and a notice of appeal.

## DISMISSAL FOR WANT OF PROSECUTION

In Issue One, Andrews contends that his attorney's affidavit is sufficient verification for purposes of a Rule 165a(3) motion to reinstate. Appellees respond that: (1) the verification cannot be accomplished by affidavit, (2) counsel's affidavit did not purport to verify the facts stated in the motion; (3) a paralegal's affidavit cannot verify the motion to reinstate; and (4) the appeal must be dismissed for want of jurisdiction because the unverified motion did not extend the appellate timetable.

### Trial Court's Authority to Dismiss and Plenary Power

A trial court's authority to dismiss a case for want of prosecution is derived from two sources: Rule 165a and the court's inherent power to dismiss when the plaintiff fails to prosecute the case with

due diligence. *Dick Poe Motors, Inc. v. DaimlerChrysler Corp.*, 169 S.W.3d 478, 484 (Tex.App.-El Paso 2005, no pet.); *Johnson–Snodgrass v. KTAO, Inc.*, 75 S.W.3d 84, 87 (Tex.App.-Fort Worth 2002, pet. dism'd). Rule 165a(1) authorizes dismissal when a party or its counsel fails to appear at a hearing or trial. Tex.R.Civ.P. 165a(1). Here, the trial court did not give notice that it intended to dismiss pursuant to Rule 165a(1) and there is no evidence in the record before us that Andrews or his counsel failed to appear at a hearing or trial. Therefore, it would have been an abuse of discretion to dismiss pursuant to this rule. *See Johnson–Snodgrass*, 75 S.W.3d at 87.

Rule 165a(2) authorizes the court to dismiss a case when it is not disposed of in accordance with the time standards prescribed by the supreme court. Tex.R.Civ.P. 165a(2). Andrews' pleadings included a demand for a jury trial but he had not paid the jury fee at the time the case was dismissed. The time standard governing civil jury cases, other than family law cases, encourages trial or final disposition within eighteen months from appearance date. Tex.R.Jud.Admin. 6, *reprinted in* Tex.Gov't Code Ann. tit. 2, subtit. F app. (Vernon 2005). The standard applicable to non-jury civil cases is twelve months. *Id.* Andrews' case fell within either time frame such that dismissal pursuant to Rule 165a(2) would have constituted an abuse of discretion. *See Johnson–Snodgrass*, 75 S.W.3d at 87. Since neither Rule 165a(1) or (2) would have authorized dismissal of Andrews' case, we must presume the trial court was exercising its inherent authority to dismiss because Andrews had allegedly failed to prosecute his case with due diligence. The dismissal and reinstatement procedures provided for by Rule 165a are applicable to all dismissals for want of prosecution, including cases dismissed pursuant to the court's inherent power. Tex.R.Civ.P. 165a(4).

 A trial court has plenary power to reinstate a case within thirty days of dismissal for want of prosecution. Tex. R.Civ.P. 165a(3), (4); *In re Garcia*, 94 S.W.3d 832, 833 (Tex.App.-Corpus Christi 2002, orig. proceeding). A timely filed verified motion to reinstate extends plenary power like a motion for new trial does. Tex.R.Civ.P. 165a(3), (4); *McConnell v. May*, 800 S.W.2d 194 (Tex.1990); *Garcia*, 94 S.W.3d at 833. An unverified motion does not extend the trial court's plenary power nor the time in which to perfect an appeal. *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986); *3V, Inc. v. JTS Enterprises, Inc.*, 40 S.W.3d 533, 538 (Tex.App.-Houston [14th Dist.] 2000, no pet.). Consequently, if we determine that Andrews' motion to reinstate was not verified, we must dismiss the appeal because his notice of appeal was untimely. *See* Tex.R.App.P. 26.1 (notice of appeal due to be filed within thirty days after judgment signed unless verified motion to reinstate is filed).

### Did Counsel's Affidavit Verify the Motion?

 Andrews concedes the motion to reinstate is defective because it is not notarized. The issue is whether counsel's affidavit attached to the motion constituted sufficient verification for purposes of Rule 165a(3). That rule provides:

> *A motion to reinstate shall* set forth the grounds therefor and *be verified by the movant or his attorney.* It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. [Emphasis added].

Tex.R.Civ.P. 165a(3). The plain language of the rule requires that the motion be

verified but it is silent as to the form of the verification. Some courts have held that no particular form of verification is required. *See Cantu v. Holiday Inns, Inc.,* 910 S.W.2d 113, 116 (Tex.App.-Corpus Christi 1995, writ denied); *Five Star Energy Corp. v. Sowell, Ogg & Hinton,* 640 S.W.2d 722, 725 (Tex.App.-Houston [14th Dist.] 1982, writ dismissed). Citing several rules which expressly provide for verification by affidavit, Appellees argue that if the Supreme Court had intended to permit verification of a motion to reinstate by affidavit it would have included the language "verified by affidavit" in the rule. *See e.g.,* Tex.R.Civ.P. 93 ("A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit."); Tex.R.Civ.P. 251 ("No application for a continuance shall be heard ... nor shall any continuance be granted except for sufficient cause supported by affidavit."); Tex.R.Civ.P. 682 ("No writ of injunction shall be granted unless the applicant therefor shall present his petition to the judge verified by his affidavit...."). Additionally, in support of their argument that the Rules of Civil Procedure draw a distinction between verified pleadings and verification by affidavit, Appellees point to Rule 680 which permits certain facts to be established by a verified pleading or affidavit. Tex.R.Civ.P. 680 ("No temporary restraining order shall be granted without notice ... unless it clearly appears from specific facts shown by affidavit or by the verified complaint that...").

Black's Law Dictionary defines verification as "[a] formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." Black's Law Dictionary 1556 (7th Ed.1999). An affidavit is statutorily defined as "a statement in writing of a fact or facts signed by the party making it, sworn to

before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." Tex.Gov't Code Ann. § 312.011(1)(Vernon 2005). Thus, a verification declares that the facts contained in a certain document are true while an affidavit contains facts stated under oath. While we agree with Appellees that Rule 165a(3) requires that Andrews or his attorney swear that the factual statements made in the motion to reinstate are true, we fail to perceive why such a statement could not be included in an affidavit attached to the motion to reinstate.

At least two courts have found affidavits of counsel sufficient to verify a Rule 165a motion to reinstate. *See 3V, Inc.,* 40 S.W.3d at 538; *Brown v. Dallas County,* No. 05–96–01192–CV, 1998 WL 35481 (Tex.App.-Dallas Feb. 2, 1998, no pet.)(not designated for publication). And other courts have impliedly held that an affidavit can verify a motion to reinstate even though these courts found that the particular affidavit in question did not verify the motion. *See e.g., Johnson v. Sepulveda,* 178 S.W.3d 117, 119 (Tex.App.-Houston [14th Dist.] 2005, no pet.)(holding motion to reinstate unverified where affidavit attached to motion to reinstate addressed plaintiff's indigence but did not address motion to reinstate); *Guest v. Dixon,* 153 S.W.3d 466, 468 (Tex.App.-Amarillo 2004, pet. filed)(holding that motion to reinstate was not properly verified by an affidavit of plaintiff's former counsel since an agency relationship no longer existed between the plaintiff and her former attorney). No court has held that a motion to reinstate cannot be verified by affidavit and we decline to do so.

The two-page affidavit attached to the motion to reinstate sets forth numerous facts regarding how the case had been prosecuted. Counsel did not swear in his affidavit that the factual statements in the

motion were true, but the motion expressly incorporated his affidavit. By incorporation, the motion itself contained sworn factual statements establishing that Andrews exercised due diligence in prosecuting the suit. Under the unique facts of this case, we conclude that Andrews' motion to reinstate was verified. The trial court erred in concluding that it lacked jurisdiction to consider it. We sustain Issue One.

## DISMISSAL HEARING

 In Issue Two, Andrews argues that the trial court abused its discretion by failing to conduct a hearing on its notice of intent to dismiss. A party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under either Rule 165a or its inherent authority. *See* Tex. R.Civ.P. 165a(1)("[n]otice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney"); *Dick Poe Motors, Inc.,* 169 S.W.3d at 484; *Villarreal v. San Antonio Truck & Equipment,* 994 S.W.2d 628, 630 (Tex. 1999). The notice and hearing requirements are necessary to ensure the dismissed claimant has received due process. *Dick Poe Motors, Inc.,* 169 S.W.3d at 484.

The trial court set the dismissal hearing for March 3, 2005. Andrews' attorney argues in his brief that he appeared as scheduled but the trial court met with counsel in chambers and dismissed the suit without conducting a hearing. The dismissal order does not recite that a dismissal hearing was held. Appellees do not dispute Andrews' assertion that the trial court failed to hold a dismissal hearing, but instead rely on the rule that when an appellant fails to request the court reporter's presence during an in-chambers dis-

cussion, the record is presumed to support the trial court's ruling. *See David v. Kamman,* No. 08–01–00276–CV, 2002 WL 1987911 at *2 (Tex.App.-El Paso Aug.29, 2002, no pet.)(not designated for publication). The true ruling at issue, however, is not that the court failed to conduct a hearing but that the court thought it lacked jurisdiction to do so. Finding that the court possessed plenary power, we must conclude that Andrews was entitled to a hearing. Issue Two is sustained. Having sustained both issues, we reverse the dismissal order and remand the cause to the trial court for further proceedings consistent with this opinion.