**DISMISS; Opinion issued March 28, 2013**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

## No. 05-12-00186-CV

**DEBBY FISHER, Appellant**

v.

**PRESTONWOOD BAPTIST CHURCH INC., Appellee**

**On Appeal from the County Court at Law No. 1**
**Collin County, Texas**
**Trial Court Cause No. 001-2502-2001**

## MEMORANDUM OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice FitzGerald

Debby Fisher filed a premises liability suit against Prestonwood Baptist Church. On November 11, 2011, Fisher's counsel failed to appear for a scheduling conference and the trial court dismissed the case for want of prosecution. Fisher filed a motion to reinstate on January 20, 2012, and an order denying the motion was signed on January 23, 2012. Fisher filed a notice of appeal on February 8, 2012. In two issues, Fisher asserts the trial court erred in dismissing the case and in denying her unverified motion to reinstate. Appellee asserts that Fisher's notice of appeal was not timely filed because Fisher's motion to reinstate was not verified. We agree with appellee.

Generally, under the Texas Rules of Appellate Procedure, an appeal is perfected in a civil case when a notice of appeal is filed within thirty days after the judgment is signed. TEX. R. APP. P. 25.1(a), 26.1. However, when a party timely files a postjudgment motion seeking a substantive

change in the judgment, both the trial court's plenary jurisdiction and the appellate timetable are extended. TEX. R. CIV. P. 329b(g); *Lane Bank Equip. Co. v. Smith S. Equip., Inc*., 10 S.W.3d 308, 314 (Tex. 2000). When this occurs, a notice of appeal must be filed within ninety days after the judgment is signed. *See* TEX. R. APP. P. 26.1(a)(3) (filing of motion to reinstate extends notice of appeal filing deadline).

A motion to reinstate must be verified. TEX. R. CIV. P. 165a(3). An unverified motion to reinstate does not extend the appellate timetable. *See McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990). Here, a document entitled "Affidavit" accompanied the motion to reinstate. The affidavit did not reference or otherwise incorporate the motion, and stated, in essence: (1) the documents attached to the motion were true and correct copies; (2) counsel received the notice requiring a scheduling order; and (3) counsel received the notice of dismissal for want of prosecution. At the hearing on the motion to reinstate, the trial judge made clear he would not consider the statements made in Fisher's motion because they were not verified or sworn. The trial judge observed, "It's supposed to be verified and all you have given me on here is all copies attached to this motion are true and correct copies . . . but it doesn't say they are true as to what happened."

An affidavit stating that the facts set forth in a motion to reinstate are true and correct can satisfy the verification requirement. *See Andrews v. Stanton*, 198 S.W.3d 4, 8–9 (Tex. App. — El Paso 2006, no pet.). But the affidavit must actually verify the motion to reinstate by reciting sufficient facts and attributing sufficient personal knowledge as to constitute proper verification. *See Brown v. Dallas Cty*, No.05-96-01192-CV, 1998 WL 35481 at *3 (Tex. App.—Dallas Feb. 2, 1998, no pet.) (not designated for publication). The affidavit in this case failed to meet these requirements, and therefore does not constitute verification as mandated by the rule. *See* TEX. R. CIV. P. 165a(3).

Because the motion to reinstate was not verified, the deadline for perfecting the appeal was thirty days after November 11, 2011. Fisher's notice of appeal, filed on February 8, 2012, was not timely, and therefore, this Court does not have jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1(b) (filing of notice of appeal invokes appellate court's jurisdiction). Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/Kerry P. FitzGerald/

KERRY P. FITZGERALD
JUSTICE

120186F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEBBY FISHER, Appellant

No. 05-12-00186-CV      V.

PRESTONWOOD BAPTIST CHURCH
INC., Appellee

On Appeal from the County Court at Law
No. 1, Collin County, Texas
Trial Court Cause No. 001-2502-2001.
Opinion delivered by Justice FitzGerald,
Justices Fillmore and Evans participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

It is **ORDERED** that appellee PRESTONWOOD BAPTIST CHURCH INC. recover its costs of this appeal from appellant DEBBY FISHER.

Judgment entered March 28, 2013.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE