**Opinion issued October 10, 2013**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-12-00126-CV

———————————

### ELEUTERIA M. VARGAS, Appellant

### V.

### LA REGIOMONTANA MEAT COMPANY, Appellee

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 2008-69773**

---

## MEMORANDUM OPINION

Eleuteria Vargas appeals the trial court's denial of her motion to reinstate after her case was dismissed for want of prosecution. We conclude that the trial court erred in concluding that it lacked jurisdiction to consider the merits of

Vargas's motion and, accordingly, we reverse and remand this cause to the trial court for a hearing on the motion to reinstate.

## Background

Vargas sued her employer, La Regiomontana Meat Company, for an on-the-job injury she sustained while cutting meat. A jury returned a unanimous verdict in Vargas's favor on May 10, 2011. The trial court set June 10, 2011 for the entry of judgment, specifying Vargas was to prepare the judgment, but Vargas did not appear in court on June 10.

On November 7, 2011, the trial court dismissed Vargas's case for want of prosecution. On December 6, Vargas timely moved to reinstate her case and sent a notice of a hearing on the motion. On January 13, the trial court denied the motion to reinstate. Vargas requested a rehearing of her motion to reinstate. On January 20, 2012, the trial court denied Vargas's request, noting that it lacked jurisdiction to consider the merits of the motion to reinstate because Vargas's motion to reinstate was not properly verified, and thus it failed to extend the trial court's plenary power. Vargas appeals.

## Discussion

In two issues, Vargas contends that the trial court erred by denying her motion to reinstate and by refusing to hold a hearing on the motion to reinstate.

2

## A. Applicable Law

A trial court may dismiss a civil suit for want of prosecution: (1) under 165a(1) when a party seeking affirmative relief fails to appear for hearing; (2) under Rule 165a(2) when the case is not disposed of within the time limits proscribed by the Texas Supreme Court; and (3) pursuant to the court's inherent power when a plaintiff fails to prosecute his case with due diligence. TEX. R. CIV. P. 165a(1), (2), (4); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). After the trial court dismisses a case for want of prosecution, "[it] shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX. R. CIV. P. 165a(3); *see, e.g.*, *Wilson v. Wilson*, No. 01-06-00908-CV, 2010 WL 2545579, at *9 (Tex. App.—Houston [1st Dist.] June 24, 2010, no pet.) (mem. op.).

A party seeking reinstatement must first timely file a verified motion to reinstate. TEX. R. CIV. P. 165a(3). The motion must be verified by the movant or her attorney and must be filed within 30 days after the order of dismissal was signed. *Id.* A timely filed verified motion to reinstate extends the trial court's plenary power and the time for perfecting an appeal in the same manner as a

3

motion for new trial. *Id.* 165a(3), (4); *Andrews v. Stanton*, 198 S.W.3d 4, 7 (Tex. App.—El Paso 2006, no pet.); *see McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990). An unverified motion, however, extends neither the trial court's plenary power nor the time for perfecting an appeal. *McConnell*, 800 S.W.2d at 194; *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986); *Andrews*, 198 S.W.3d at 7. Once the court's plenary power expires, it lacks jurisdiction to reinstate the case. *McConnell*, 800 S.W.2d at 194.

**B.      Did the trial court lack plenary power?**

In her first issue, Vargas contends that the trial court erred by denying her motion to reinstate on the grounds that the verification was deficient and failed to extend the trial court's plenary power. The trial court determined that the verification was "fatally defective, and that it therefore lacked plenary power, i.e., jurisdiction, to entertain the motion to reinstate." *See id.* at 194; *Andrews*, 198 S.W.3d at 7. The question of a court's jurisdiction presents a legal question that we review de novo. *See City of Houston v. Swinerton Builders, Inc.*, 233 S.W.3d 4, 10 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998)).

Here, the trial court determined that Vargas's counsel's verification of the motion to reinstate was defective. A verification is "[a] formal declaration made in

the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *Andrews*, 198 S.W.3d at 8 (quoting BLACK'S LAW DICTIONARY 1556 (7th ed. 1999)). A motion to reinstate may be verified by a separate affidavit. *Id.*; *see also Guest v. Dixon*, 195 S.W.3d 687, 689 (Tex. 2006) (finding timely filed motion to reinstate supported by affidavit sufficient to extend trial court's plenary power).

Vargas's motion to reinstate states, "It was not through conscious indifference or lack of good faith that Plaintiff[']s counsel seemingly failed to prosecute this case." Vargas's counsel verified the motion to reinstate in a separate affidavit, in which counsel avers "I have read this affidavit and all statements contained herein are true and correct." La Regiomontana contends that the verification was defective because Vargas's counsel's verification does not expressly state that the statements *in the motion* are true. Rather it states, counsel "read *this affidavit* and all statements contained *herein* are true and correct." (Emphasis added.) On January 20, 2012, the trial court stated that it agreed with La Regiomontana and that the verification of Vargas's motion to reinstate was "fatally defective." The trial court therefore concluded that the motion did not extend its plenary power beyond December 6, 2011, the thirtieth day after the dismissal, and accordingly denied the motion to reinstate. *See, e.g.*, *McConnell*,

5

800 S.W.2d at 194 (unverified motion to reinstate does not extend plenary power). We disagree.

The facts in this case are substantially similar to the facts in *Andrews*. In *Andrews*, just as here, the timely filed motion to reinstate was verified by the affidavit of counsel. 198 S.W.3d at 8–9. Counsel did not expressly aver that the facts stated in the motion to reinstate were true. *Id.* The motion, however, expressly incorporated the affidavit, which stated that counsel mistakenly believed that the matter was on the jury docket, not the dismissal docket. *Id.* at 6, 9. The El Paso Court of Appeals held that the motion was verified and extended the trial court's plenary power. *Id.* at 9.

Here, Vargas's motion to reinstate expressly incorporates counsel's affidavit. The motion to reinstate states that counsel did not fail to prosecute the case "through conscious indifference or lack of good faith." It also expressly incorporates "the affidavit of Plaintiff's counsel verifying the statements set forth herein." The affidavit of counsel, in turn, averred that all statements contained herein are true and correct. We conclude that this was sufficient to verify the statement that plaintiff's counsel did not fail to prosecute the case through conscious indifference or lack of good faith—the standard recited in Texas Rule of Civil Procedure 165a(3). TEX. R. CIV. P. 165a(3). It follows that the verified

6

motion extended the trial court's plenary power and that the trial court did not lack jurisdiction to entertain the motion. *See Andrews*, 198 S.W.3d at 9; *see also Guest*, 195 S.W.3d at 688 (addressing purported defect in affidavit verifying motion to reinstate and stating, "[W]e have repeatedly stressed that procedural rules should be construed and applied so that the right of appeal is not unnecessarily lost to technicalities.").

We sustain Vargas's first issue.

## C. Is Vargas entitled to a hearing on her motion to reinstate?

In her second issue, Vargas contends that the trial court erred by refusing to hold a hearing on her motion to reinstate. A trial court has no discretion to fail to hold an oral hearing on a timely filed, properly verified motion to reinstate. *Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991); *see Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988) (affirming court of appeals' holding that trial court abused its discretion in failing to hold hearing on motion to reinstate); *Smith v. McKee*, 145 S.W.3d 299, 305 (Tex. App.—Fort Worth 2004, no pet.). Here, the trial court did not hold a hearing on Vargas's motion to reinstate because it determined that it lacked jurisdiction to do so. Because we have concluded that the trial court had plenary power to entertain Vargas's motion to reinstate, it follows that Vargas was entitled to a hearing on her

7

motion to reinstate.[1] TEX. R. CIV. P. 165a(3) ("The clerk shall deliver a copy of the motion [to reinstate] to the judge, who shall set a hearing on the motion as soon as practicable."); *see Thordson*, 815 S.W.2d at 550 (trial court has no discretion to deny oral hearing on timely filed, properly verified motion to reinstate); *Andrews*, 198 S.W.3d at 9.

We sustain Vargas's second issue.

## Conclusion

We reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.


                                        Rebeca Huddle
                                        Justice

Panel consists of Justices Jennings, Brown, and Huddle.

---

[1]     We express no opinion about the merits of Vargas's motion to reinstate.