YVONNE T. RODRIGUEZ, Justice
This is a cross-appeal from an order denying a motion to vacate an arbitrator's award. The original proceeding stems from a bank fraud scheme dating back almost *48 twenty-five years. Fernando Novoa was convicted on two counts of bank fraud in July of 1994. J.C. Viramontes employed Novoa before and after the convictions, however, the two later had a falling out and Novoa's employment was subsequently terminated. Novoa then filed suit, which is the subject of this appeal.
PROCEDURAL BACKGROUND
On June 18, 2001, Fernando Novoa filed a lawsuit (the "2001-2295 Claim") against J.C. Viramontes and J.C. Viramontes, Inc. (collectively, "Viramontes") asserting various causes of action including fraud and breach of contract.[1] In response, Viramontes asserted various affirmative defenses, counterclaims, and demanded arbitration pursuant to an arbitration clause in Novoa's employment agreement. On March 6, 2002, the trial court[2] severed the individual fraud claim against J.C. Viramontes (the "2002-1040 Claim") and ordered that the two remaining causes of breach of contract/piercing-of-corporate-veil against Viramontes be tried in arbitration, pursuant to the arbitration agreement (the "03-0199Arb Claim"). On November 26, 2003, the parties met and chose Hector Zavaleta as the arbitrator (the "Arbitrator Zavaleta").
In June 2004, Novoa filed two (pro se ) motions to dismiss; one in cause number 2002-1040 and the other directly with the Arbitrator Zavaleta, requesting all the proceedings against Viramontes be dismissed, explaining he had been diagnosed with a depressive and anxiety disorder. In a handwritten letter dated June 9, 2004, Novoa also requested, based on his motion to dismiss, that the trial court cancel a previously scheduled pretrial status hearing. On June 10, 2004, the trial court dismissed the 2002-1040 Claim against J.C. Viramontes.
On April 11, 2008, the trial court scheduled a status conference hearing for April 16, 2008 on the 2001-2295 Claim.[3] In an order dated April 16, 2008, the trial court stayed its proceedings and ordered the parties to contact the arbitrator no later than June 1, 2008, for the 2001-2295 Claim. On August 20, 2008, the trial court entered an order dismissing the 2001-2295 Claim explaining that "it appear[ed] that no arbitration was held within the 45 days specified" in its April 16, 2008 order. On August 21, 2008, the district clerk sent a final notice of the "judgment/order" to the parties titled, "Rule 306a, OFFICIAL NOTICE."
On September 2, 2008, Novoa filed a motion to reconsider and reinstate the 2001-2295 Claim. This motion was signed by Novoa's attorney, however, it was not verified by either Novoa or his attorney. The motion argued that Novoa repeatedly attempted to contact Texas Arbitration Mediation Services, Inc. ("TAMS"), complying with the trial court's April 16, 2008 order. The motion also included two exhibits: a copy of the trial court's April 16, 2008 order; and a copy of the cover letter, the "judgment order," and fax transmission confirmations sent to Defendant's trial counsel and Joann Chapman, a representative of TAMS.
In an order dated December 3, 2008, the trial court granted Novoa's motion to reinstate the 2001-2295 Claim, ordering that *49 the "Defendant's claims, counterclaims and defenses are hereby STRUCK" for failure to obey the April 16, 2008 order and also ordered that "THIS MATTER BE AND IS HEREBY REFERRED TO [Arbitrator Zavaleta] FOR A FINAL RULING CONSISTENT WITH THIS ORDER; ARBITRATION TO BE COMPLETED BY JANUARY 15, 2009."[4]
On January 12, 2009, Viramontes filed a Motion to Reconsider, Alternatively, Motion for Clarification; Motion to Stay Arbitration; and Motion for Sanctions in both the 2001-2295 Claim and the 03-0199Arb Claim. In a written order, the trial court granted Viramontes' motion for reconsideration on February 10, 2009 and reinstated the claims and defenses in the 2001-2295 Claim as they existed on August 20, 2008.
On March 6, 2013, Novoa wrote to TAMS requesting Arbitrator Zavaleta and TAMS recuse themselves from the 03-0199Arb Claim. Novoa alleged that Rene D. Peña was a principal and shareholder of the accounting firm Peña, Briones, McDaniel & Co. (the "Accounting Firm"). He further alleged that the Accounting Firm then had a professional relationship with TAMS. Specifically, Novoa claimed that the Accounting Firm provided accounting services to TAMS. Novoa's motion also claimed that Peña was an "essential witness" for Viramontes. The motion requested that TAMS and Arbitrator Zavaleta be removed since this relationship had not been disclosed and that a new arbitrator be assigned. On March 11, 2013, Arbitrator Zavaleta denied Novoa's request, explaining that he had no bias or financial or personal interest in the arbitration.
On April 10, 2013, Novoa filed a motion to recuse Arbitrator Zavaleta, maintaining the same failure to disclose argument, and requested for the appointment of a new arbitrator. On June 5, 2013, the trial court held a hearing on the motion. On July 1, 2013, the trial court denied Novoa's motion based on the pleadings and arguments at the hearing.
A final arbitration hearing was held in July 2013. Arbitrator Zavaleta drafted and later delivered the arbitrator's award to both parties on March 10, 2014. In his award, Arbitrator Zavaleta concluded that the parties entered into an enforceable oral agreement and it was breached, requiring payment to Novoa of $118,121. All other claims between the parties were dismissed by Arbitrator Zavaleta. On June 6, 2014, Novoa filed a motion to vacate the arbitrator's award, maintaining the same failure to disclose argument presented in his recusal motion and request. On October 7, 2014, the trial court denied the motion to vacate and ordered Arbitrator Zavaleta's award confirmed.
Novoa filed a notice of appeal on November 4, 2014, for the 2001-2295 Claim. On November 18, 2014, Viramontes filed a motion to dismiss the appeal for want of jurisdiction, averring error in the appeal date. On December 8, 2014, Novoa filed a response to Defendant's motion to dismiss the appeal. On December 12, 2014, Viramontes filed a motion to abate the appeal until the disposition of the trial court's ruling on the motion for new trial. Viramontes subsequently filed their notice of appeal on January 8, 2015, for the 2001-2295 Claim, the 2002-1040 Claim, and the 03-0199Arb Claim.
*50 On January 13, 2015, we ordered the parties brief their appeals with the requisite records. This appeal followed.
DISCUSSION
In his appeal, Novoa raises a single issue: whether the trial court committed reversible error when it denied the motion to vacate the arbitrator's award since there was "evident partiality" as a result of Arbitrator Zavaleta's alleged failure to disclose the relationship between TAMS and the Accounting Firm, Peña, Briones, McDaniel & Co. Novoa posits this nondisclosure constitutes "evident partiality" based on the fact Viramontes' expert, Rene D. Peña, is a shareholder of the Accounting Firm. Viramontes responds first by arguing the trial court did not possess plenary jurisdiction to confirm the arbitrator's award since Novoa failed to timely file a verified motion to reinstate after the 2008 dismissal. Second, Viramontes argues, even if the trial court had plenary jurisdiction to reinstate, Novoa failed to establish evident partiality.
In their cross-appeal, Viramontes' first issue is the same jurisdictional argument they advanced in their response brief. In a second issue, they argue Novoa's claims are barred by the statute of limitations based on Novoa's pro se filing of the motions to dismiss. Viramontes' reply brief reiterates their jurisdictional argument.
Novoa responds by arguing that the trial court's dismissal and reinstatement does not affect the trial court's confirmation of the arbitrator award pursuant to Chapter 171 of the Civil Practice and Remedies Code. Further, the arbitration award was based on claims that were timely presented.
Jurisdiction
Dismissal
Before turning to the substance of the arguments on appeal, "[w]e first consider the matter of the trial court's jurisdiction, as well as our own." Texas Ass'n of Bus. v. Texas Air Control Bd. , 852 S.W.2d 440, 443 (Tex. 1993). A challenge to a court's jurisdiction can be raised at any time and is reviewed under the de novo standard of review. Waco Indep. Sch. Dist. v. Gibson , 22 S.W.3d 849, 850 (Tex. 2000) ; Mayhew v. Town of Sunnyvale , 964 S.W.2d 922, 928 (Tex. 1998).
When a case is dismissed for want of prosecution,[5] a trial court has plenary jurisdiction to reinstate a case within thirty days of the dismissal. Smith v. Babcock & Wilcox Const. Co., Inc. , 913 S.W.2d 467, 468 (Tex. 1995) (quoting TEX.R.CIV.P. 165a(3),(4) ); see also Andrews v. Stanton , 198 S.W.3d 4, 7 (Tex.App.-El Paso 2006, no pet.). A party seeking reinstatement following dismissal must file a motion setting forth the grounds to reinstate within thirty days of the dismissal, verified by the *51 movant or his attorney. TEX.R.CIV.P. 165a(3). Stated differently, absent a verified motion to reinstate filed within the thirty days following final judgment, the trial court's plenary jurisdiction expires thirty days after the date the trial court signed the final order of dismissal. Id. An unverified motion to reinstate is insufficient, as would be a verified motion filed after the thirty-day window, to extend the trial court's plenary power. Id. ; Butts v. Capitol City Nursing Home, Inc. , 705 S.W.2d 696, 697 (Tex. 1986) ; Andrews , 198 S.W.3d at 7.
The record indicates that on April 16, 2008, the trial court ordered the parties contact the arbitrator no later than June 1, 2008. On August 20, 2008, the trial court entered a final order dismissing the lawsuit for lack of adherence to the trial court's previous order. The district clerk notified the parties of the final dismissal order the following day. On September 2, 2008, Novoa filed an unverified motion to reconsider and reinstate the lawsuit. The record is silent as to whether either corresponded with the court regarding the arbitration status or any contact either party made with the Arbitrator. The trial court lost plenary jurisdiction over the claim (Claim 2001-2295) on September 22, 2008[6] since an unverified motion to reinstate-alone-was ineffective to extend the trial court's plenary power beyond thirty days. See TEX.R.CIV.P. 165a(3) ; Owen v. Hodge , 874 S.W.2d 301, 303 (Tex.App.-Houston [1st Dist.] 1994, no writ) (holding reinstatement properly denied when unverified motion to reinstate was filed within thirty days of dismissal but movant did not seek leave to file verification until thirty-eight days after dismissal, resulting in the trial court losing plenary jurisdiction); In re Garcia , 94 S.W.3d 832, 833 (Tex.App.-Corpus Christi-Edinburg 2002, no pet.) (holding mandamus would not be granted because motion to reinstate was not verified or cured by an affidavit filed after the thirty-day window from the motion to dismiss); see also Lubbock Cnty. Texas v. Trammel's Lubbock Bail Bonds , 80 S.W.3d 580, 585 (Tex. 2002) (holding that the function of the court of appeals is not to abrogate or modify established law).
Arbitration
However, Novoa filed a Motion to Vacate Arbitrator's Award on June 6, 2014 pursuant to Section 171.088 of the Texas General Arbitration Act (TAA). TEX.CIV.PRAC.&REM.CODE ANN. §§ 171.088 - 171.098 (West 2011). We note at the outset that "Texas law favors arbitration, judicial review of an arbitration award is extraordinarily narrow." [Internal footnotes omitted]. East Tex. Salt Water Disposal Co. v. Werline, 307 S.W.3d 267, 271 (Tex. 2010). The trial court is empowered under Section 171.093 to review the application in the manner as a motion in a civil case. Under the TAA, Section 171.081 provides that a valid arbitration agreement under Section 171.001 "confers jurisdiction on the court ... and to render a judgment on an award under this chapter."
*52 Sections 171.087 and 171.088 allow for a court to confirm, vacate, modify or correct an award. Section 171.083 delineates the timeline for filing an application, which may be "at or after the conclusion of the arbitration." While Section 171.085 outlines the contents of an application filed under Chapter 171. Section 171.086 details the orders a court may rendered in conjunction with Sections 171.087, 171.088, 171.089, and 171.091. We also note that "[a]n arbitration award is given the same effect as a judgement of last resort[.]" Las Palmas Medical Center v. Moore, 349 S.W.3d 57, 63 (Tex.App.-El Paso 2010, pet. denied).
We find that our jurisdiction in this case emanates not from the original filing of the claims in 2001, but rather from Novoa's invocation of the trial court's jurisdiction under Chapter 171, based on his filing of the motion to vacate the arbitration award in June 2014. The trial court pursuant to the TAA had jurisdiction to confirm, vacate, modify, or correct an arbitration award. Viramontes' first issue is overruled.
Claims Barred?
Viramontes asserts Novoa's claims were abandoned upon a filing of a motion to dismiss with the Arbitrator and the district court. In March 2002, cause number 2002-1040 was severed and contained only the individual fraud claim against Mr. Viramontes, individually. On June 10, 2004, Novoa filed a pro se motion to dismiss in cause number 2002-1040 and the trial court signed a dismissal order on June 10, 2004 in that cause.
However, Viramontes also points to another pro se motion to dismiss by Novoa to support Viramontes' assertion that Novoa's remaining claims in toto were abandoned. This pro se motion to dismiss was faxed by Novoa to TAMS on June 9, 2004, and is signed by Novoa but undated. The fax cover sheet references the cause number T.A.M.S. No. 03-0199-ARB, while the purported motion to dismiss also in lieu of the cause number refers to Tams No. 03-0199-ARB. Further, in his motion to dismiss in cause number 2001-1040, Novoa placed at the top of the page "In The District Court of El Paso County, Texas 327th Judicial District." In this motion to dismiss, Novoa at the top of the page recites "Texas Arbitration and Mediation Services, Inc." In the Arbitrator's motion to dismiss, Novoa requested the "Texas Arbitration and Mediation Services, Inc. to dismiss all pending proceedings." Also accompanying the motion to dismiss faxed to the Arbitrator is a supporting letter dated June 8, 2004, from Novoa's physician which recites the cause number 2002-1040 and TAMS No. 03-0199-ARB. On August 16, 2004 and again on November 8, 2004, Novoa faxed a message transmittal sheet in which he requests his "Arbitration not be dismissed" stating he is in the process of hiring new counsel.
Viramontes argues Novoa's claims are all barred as the result of the filing of his motions to dismiss with the trial court and TAMS, Novoa's request to cancel all hearings by the trial court in his motion to dismiss in cause number 2002-1040, and the significant amount of time that passed from June 2004 until Novoa filed his specification of claims with the Arbitrator in September 2010. Viramontes also maintains Texas Rules of Civil Procedure 162 and 165 contending the "totality of the circumstances regarding a party's actions related to the provisions of Rule 162 or 165 establishes intent and the net effect of those actions."
Clearly, the trial court's signed order dismissing cause number 2002-1040 operates to dismiss the claims in 2002-1040 which is the fraud claim against Mr. Viramontes individually. The motion to dismiss *53 filed with the Texas Arbitration Mediation Services, Inc., in T.A.M.S. cause number 03-0199-ARB, contemporaneously with the dismissal motion in 2002-1040, could not have operated to dismiss Novoa's claims in cause number 2001-2295, because it was never filed with the trial court, the district clerk, or references cause number 2001-2295. Neither party points to or asserts the Arbitrator ever considered or acted upon Novoa's request to dismiss his claims in the arbitration. Texas Rule of Civil Procedure 162 applies to dismissal of pleadings in the trial court and cannot conceivably apply to a motion to dismiss that was never filed with a trial court. Texas Rule of Civil Procedure 165 likewise applies to dismissal for want of prosecution or abandonment of a claim. However, Viramontes does not cite to any case in which a motion to dismiss filed with an Arbitrator constitutes an abandonment of a claim, nor has our search revealed any. We will not find so today.
Novoa's motion to dismiss in cause number 2002-1040 requesting the trial court to "dismiss pending proceedings" cannot possibly be construed to operate as a motion to dismiss his claims in cause number 2001-2295. Last, the elapsed time from June 2004 to the rendition of the Arbitrator's award in March 2014, as the voluminous record reflects, shows both parties actively litigating Viramontes' summary judgment motions and Novoa's attempt to recuse the assigned Arbitrator. It cannot be shown the ten years passage was solely due to the lack of prosecution by Novoa or some abandonment of his claims, in fact, quite the opposite, claims and counterclaims by the parties were fiercely contested and litigated in the trial court and with the Arbitrator.
Novoa's claims were not voluntarily non-suited nor were they abandoned, therefore, the statute of limitations does not apply. Viramontes' second issue is overruled.
Evident Partiality?
A neutral arbitrator selected by the parties' exhibits evident partiality if he "does not disclose facts which might, to an objective observer, create a reasonable impression of the arbitrator's partiality." Burlington N.R.R. Co. v.TUCO, Inc. , 960 S.W.2d 629, 636 (Tex. 1997). "[E]vident partiality is established from the nondisclosure itself , regardless of whether the nondisclosed information necessarily establishes partiality or bias." [Emphasis in orig.]. Id. Disclosure is required only if facts are material; an arbitrator need not disclose "trivial" matters. Id. at 637. Some undisclosed relationships are too insubstantial to warrant vacating an award. Id. at 633. And an arbitrator's impartiality cannot be affected by something of which he is completely unaware. Mariner Fin. Group, Inc. v. Bossley, 79 S.W.3d 30, 33 (Tex. 2002).
A narrow judicial review of an arbitration award is mandated to prevent "expense and delay, thereby diminishing the benefits of arbitration as an efficient, economical system for resolving disputes." CVN Grp., Inc. v. Delgado , 95 S.W.3d 234, 238 (Tex. 2002). We review a trial court's decision to vacate an arbitration award de novo based on a review of the entire record. Port Arthur Steam Energy LP v. Oxbow Calcining LLC , 416 S.W.3d 708, 713 (Tex.App.-Houston [1st Dist.] 2013, pet. denied). A party seeking to vacate an arbitration award bears the burden of presenting a complete record that establishes grounds for vacating the award. Statewide Remodeling, Inc. v. Williams , 244 S.W.3d 564, 568 (Tex.App.-Dallas 2008, no pet.).
We may not substitute our judgment for that of the arbitrator just because we would have reached a different *54 result. CVN Grp., Inc. , 95 S.W.3d at 238. An arbitration award is presumed to be valid and is entitled to great deference. Royce Homes, L.P. v. Bates , 315 S.W.3d 77, 85 (Tex.App.-Houston [1st Dist.] 2010, no pet.). Every reasonable presumption must be indulged to uphold an arbitrator's decision, and none is indulged against it. City of Baytown v. C.L. Winter, Inc. , 886 S.W.2d 515, 518 (Tex.App.-Houston [1st Dist.] 1994, writ denied). Judicial scrutiny of these awards focuses on the integrity of the arbitration process, not on the propriety of the result. Women's Reg'l Healthcare, P.A. v. FemPartners of N. Tex., Inc. , 175 S.W.3d 365, 367-68 (Tex.App.-Houston [1st Dist.] 2005, no pet.) (alleged errors in application of substantive law by arbitrators is not reviewable on motion to vacate award).
The thrust of Novoa's sole point of error is the "long-standing and on-going relationship" between TAMS and Peña's accounting firm would lead a reasonable person to believe that an individual in Arbitrator Zavaleta's position would be more inclined to favor the testimony of Peña which, in turn, favors Viramontes. Thus, Novoa concludes the failure to disclose this business relationship constitutes "evident partiality."
According to a letter signed by Joanne Chapman on TAMS letterhead, attached to a verified pleading by Viramontes, the parties met in November 2003, for an arbitration administration session in which they chose Hector Zavaleta as the arbitrator.[7] Also found in the record as an attachment to Novoa's Motion to Recuse Arbitrator filed in the trial court is the "Arbitrator's Order" denying the recusal motion. Arbitrator Zavaleta states in this order that he would continue as Arbitrator "due to the lack of justifiable doubt as to the arbitrator's impartiality or independence." Further, Arbitrator Zavaleta finds:
There exists no bias or any financial or personal interest in the results of the arbitration or any past, present relationship with the parties, or their representatives, or with the witness, Rene Pena, with the exception of casual contacts with the parties, previously disclosed to all parties and their counsel.
In June 2013, the trial court held a hearing in which Novoa offered his arguments regarding the recusal of Arbitrator Zavaleta. Viramontes conceded the Accounting Firm has a relationship with TAMS. Jason Chapman, a licensed attorney, representing TAMS, told the trial court Arbitrator Zavaleta is an independent contractor who receives a 1099 form. Chapman represented to the trial judge that Arbitrator Zavaleta has the duty to disclose but did not because Zavaleta had no knowledge of the relationship between TAMS and Peña's firm.
Novoa bore the burden of presenting us with evidence showing Arbitrator Zavaleta knew of the business relationship between Peña and TAMS and it was material. Based on the record before us, there is no evidence that Arbitrator Zavaleta exhibited evident partiality. We overrule Novoa's sole point of error.
CONCLUSION
The trial court's judgment is affirmed.
Hughes, J. (Not Participating)

Only the relevant motions and trial court orders are included in this recitation of the procedural background.

The term "trial court" does not distinguish between the various lower courts in which the proceedings were held.

We note that at this point in the proceedings, the trial court and the parties seem to use the 2001-2295 Claim, the 2002-1040 Claim, and the 03-0199Arb Claims interchangeably.

The record does not indicate, nor do the parties suggest, that the trial court held a hearing on the motion to reinstate.

We assume here, and the parties do not dispute, that the trial court properly dismissed, under Rule 165a or the trial court's inherent power, for want of prosecution. Andrews v. Stanton , 198 S.W.3d 4, 7 (Tex.App.-El Paso 2006, no pet.). Rule 165a(1) authorizes dismissal for want of prosecution when a party or its counsel fails to appear at a hearing or trial. Andrews , 198 S.W.3d at 7 ; see also Tex.R.Civ.P. 165a(1). Rule 165a(2) authorizes dismissal for want of prosecution when the case is not disposed of in accordance with the time standards prescribed by the supreme court. Andrews , 198 S.W.3d at 7 ; see also Tex.R.Civ.P. 165a(2). In addition, a trial court may dismiss a case for want of prosecution under its inherent powers if it determines the case has not been prosecuted with diligence. Veterans' Land Bd. v. Williams , 543 S.W.2d 89, 90 (Tex. 1976) ; Dick Poe Motors, Inc. v. DaimlerChrysler Corp. , 169 S.W.3d 478, 484 (Tex.App.-El Paso 2005, no pet.).

Tex.R.Civ.P. 306a states that "[t]he date of judgment or order is signed as shown of record shall determine the beginning of the periods prescribed by these rules for the court's plenary power[.]" Tex.R.Civ.P. 4 states that "[i]n computing any period of time prescribed or allowed by [the Texas Rules of Civil Procedure ...], the day of the act, event, or default after which the designated period of time begins to run is not to be included" and "[t]he last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday." Thus, the thirty-day period began on Thursday, August 21, 2008. The thirty-day period ended on Monday, September 22, 2008, since the date of expiration, absent adjustment, was on Saturday, September 20, 2008.

We note that not included in the record before the Court but attached to Viramontes' response appeal brief is a copy of an order appointing Hector Zavaleta as the arbitrator by agreement of the parties.