**Conditionally Grant and Opinion Filed December 14, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-01174-CV

### IN RE PRISCILA BRISENO, Relator

**Original Proceeding from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-00330-D**

## MEMORANDUM OPINION

Before Justices Myers, Nowell, and Goldstein
Opinion by Justice Nowell

In this original proceeding, relator Priscila Briseno asks that we issue a writ of mandamus ordering the respondent trial court judge to vacate her September 12, 2022 Order Granting Reinstatement. After reviewing the petition and the mandamus record, we conclude the trial court lacked plenary power to reinstate the case, and the court's order reinstating the case is void. Therefore, relator is entitled to mandamus relief, and we conditionally grant the writ of mandamus.

On January 21, 2022, real party in interest, Nathaniel Vite, sued Briseno for personal injuries allegedly sustained after a car accident. Three days later, the trial court issued a letter to Vite's counsel stating the case was set for dismissal on June

13, 2022, pursuant to rule 165a. *See* TEX. R. CIV. P. 165a (Dismissal for Want of Prosecution). On June 21, 2022, the trial court signed an order of dismissal for want of prosecution.

On July 20, 2022, Vite filed a motion to reinstate, which states his counsel inadvertently failed to appear at the dismissal setting due to accident or mistake and his failure to appear was not intentional or the result of conscious indifference; rather, he asserted, his failure to appear was "due to a calendaring error." Counsel attached a document titled "Verification in Support of Plaintiff's Motion to Reinstate After Dismissal for Want of Prosecution," which states:

> My name is Hazim Mandavia. I am at least 18 years of age and of sound mind. I am personally acquainted with the facts alleged in Plaintiff's Motion to Reinstate After Dismissal for Want of Prosecution. I hereby swear that the statements in support of Plaintiff's Motion to Reinstate After Dismissal for Want of Prosecution are true and correct.

The purported verification does not reflect it was made in the presence of an authorized officer such as a notary public. Following a hearing, the trial court issued its Order Granting Reinstatement.

Briseno then filed this petition for writ of mandamus complaining about the trial court's September 12 Order. Although this Court requested responses from real party in interest and respondent, no responses were filed.

Generally, to obtain mandamus relief, a relator must show the trial court abused its discretion and she has no adequate appellate remedy. *In re Prudential Ins.*

–2–

*Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "A trial court abuses its discretion by entering a void order, and the relator need not establish lack of an adequate appellate remedy to obtain mandamus relief." *In re Mikooz Mart*, No. 05-19-01355-CV, 2019 WL 6696035, at *1 (Tex. App.—Dallas Dec. 9, 2019, orig. proceeding) (mem. op.) (citing *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding)). "Mandamus is an available remedy to set aside a reinstatement order signed after the trial court's plenary power expires." *Id.* (citing *In re Dansby*, 583 S.W.3d 838, 840 (Tex. App.—Dallas 2019, orig. proceeding); *In re S. Mgmt. Servs., Inc.*, No. 05-19-00653-CV, 2019 WL 3244492, at *1 (Tex. App.—Dallas July 19, 2019, orig. proceeding) (mem. op.)).

A party must file a motion to reinstate within thirty days of the judgment dismissing the case for want of prosecution. *See* TEX. R. CIV. P. 165a(3). The motion must set forth the grounds to reinstate, and the motion must be verified by the movant or his attorney. *See* TEX. R. CIV. P. 165a(3). However, when a party fails to verify its motion to reinstate, the trial court's jurisdiction to reinstate the case expires thirty days after the judgment is signed. *See McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding) (granting mandamus relief to set aside order reinstating case more than thirty days after dismissal on unverified motion). "Any action taken by a trial court after it loses plenary power is void." *In re Mikooz Mart*, 2019 WL 6696035, at *2 (citing *Pipes v. Hemingway*, 358 S.W.3d 438, 445 (Tex. App.—Dallas 2012, no pet.)).

In this proceeding, Briseno argues the trial court did not have jurisdiction to enter the September 12 Order because, among other reasons, Vite's motion to reinstate was not verified, the trial court's plenary power was not extended, and the order to reinstate was void when the trial court entered it more than 30 days after entry of the order of dismissal for want of prosecution. We agree.

Verification is "[a] formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *In re Dobbins*, 247 S.W.3d 394, 397 (Tex. App.—Dallas 2008, orig. proceeding) (quoting *Andrews v. Stanton*, 198 S.W.3d 4, 8 (Tex. App.—El Paso 2006, no pet.)). Although Vite's counsel attached a page titled "Verification in Support of Plaintiff's Motion to Reinstate After Dismissal for Want of Prosecution" to the motion, the purported verification was not made in the presence of an authorized officer, such as a notary public. *See id.* Because the motion to reinstate was not verified, it did not extend the trial court's plenary power beyond thirty days.[1] *See In re Valliance Bank*, 422 S.W.3d 722, 728 (Tex. App.—Fort Worth 2012, no pet.); *see also* TEX. R. CIV. P. 165a(3); *McConnell*, 800 S.W.2d at 194. Accordingly, the trial court signed the September 12 order of reinstatement after its plenary power expired, and the order of reinstatement is void. *See In re Mikooz Mart*, 2019 WL 6696035, at \*2.

---

[1] The purported verification also does not meet the requirements of section 132.001 of the civil practice and remedies code. See Tex. R. Civ. Prac. & Rem. Code. § 132.001.

–4–

We conditionally grant Briseno's petition for writ of mandamus and order the trial court to set aside its September 12 Order Granting Reinstatement. The writ will issue only in the event the trial court fails to do so within thirty days of the date of this opinion.

221174f.p05

/Erin A. Nowell//

ERIN A. NOWELL
JUSTICE