YVONNE T. RODRIGUEZ, Justice
William D. Abraham appeals the trial court's order denying his verified motion to reinstate a lawsuit that was dismissed for want of prosecution. Among Abraham's complaints on appeal is his contention that the trial court committed reversible error by failing to grant him an oral hearing that he requested before dismissing the suit.
On this point, we agree with Abraham. We reverse and remand for further proceedings.
BACKGROUND
This appeal arises out of title litigation related to a house located on 925 Broadmoor in El Paso County. In brief, Appellant Abraham contends that he holds title to the Broadmoor house by virtue of a September 2001 warranty deed with vendor's lien transferred to him by Dr. Ghulam Murtaza. AARK Investments, L.P., asserts title to the Broadmoor house by virtue of a deed from Ron Acton, who purportedly foreclosed on the house which was listed as an asset in the Estate of Joseph "Sib" Abraham-the father of Appellant William Abraham.
In anticipation of foreclosure proceedings on the Broadmoor house, William Abraham filed suit for a temporary restraining order in Cause No. 2015-DCV3948 (the First Suit). Abraham later dropped the First Suit on February 25, 2016, after purportedly reaching a contractual agreement to acquire the Broadmoor house from Ron Acton. Abraham alleges that Acton then sold the Broadmoor house to AARK Investments, L.P. on March 28, 2016.
Following the purported sale of the Broadmoor house, Abraham again filed suit on June 1, 2016, in Cause No. 2016DCV2081, this time for breach of contract and trespass to try to title (the Second Suit). The case was initially assigned to the 448th District Court; however, the 448th District Court ultimately transferred the case to the 243rd District Court.
On June 28, 2016, Abraham's attorney Joseph Vasquez file a motion to withdraw, citing a conflict of interest. The trial court did not immediately rule on the motion to withdraw. Later, Abraham filed a motion to transfer the Second Suit back to the *523 448th District Court. The 243rd District Court denied Abraham's motion to transfer on August 11, 2016.
Without ruling on counsel's motion to withdraw, the trial court set the case for a dismissal for want of prosecution (DWOP) hearing on September 22, 2016. On September 22, 2016, the trial court dismissed the case for want of prosecution.
On October 12, 2016, Abraham filed his Plaintiff's Motion to Reinstate After Dismissal Without Prejudice. On October 21, Abraham filed a written request for a hearing on his motion to reinstate. On December 21, 2016, Abraham filed a notice of appeal challenging the order dismissing his case for want of prosecution.
DISCUSSION
Abraham advances two issues on appeal. In Issue One, Abraham maintains that the 243rd District Court abused its discretion by refusing to transfer the Second Suit back to the 448th District Court. In Issue Two, Abraham argues that the trial court impermissibly dismissed the Second Suit for want of prosecution without first providing him with an oral hearing, as he requested.[1]
Issue Two is dispositive.
Dismissal for Want of Prosecution
"Trial courts are generally granted considerable discretion when it comes to managing their dockets." In re Conner , 458 S.W.3d 532, 534 (Tex. 2015) (per curiam, orig. proceeding). Part of this docket-management power encompasses the power to dismiss a case for want of prosecution in the event a plaintiff fails to meet his duty of prosecuting his case with due diligence. Id. The power to dismiss a case for want of prosecution sounds both in common law and in TEX.R.CIV.P. 165a.
Because Abraham focuses not on the merits of the trial court's DWOP order but rather the trial court's ruling on his motion to reinstate suit, we, too, shall focus our attention there. A plaintiff whose suit was dismissed for want of prosecution may file a motion to reinstate his case within 30 days of the dismissal order. TEX.R.CIV.P. 165a(3). A motion to reinstate, much like a motion for new trial, extends appellate timetables and lengthens the duration of the trial court's plenary power over the case. See Benyo v. Hem , 833 S.W.2d 714, 716 (Tex.App.-Houston [1st Dist.] 1992, no writ). Still, if a trial court fails to rule on a timely-filed motion for reinstatement within 75 days of the date the motion is filed, the motion is deemed overruled by operation of law, and the trial court loses plenary jurisdiction 30 days thereafter. TEX.R.CIV.P. 165a(3).
There is no evidence in the clerk's record indicating that the trial court ever ruled on Abraham's motion to reinstate. Our independent review of El Paso County court records confirms that the trial court took no further action on Abraham's motion to reinstate during the pendency of this appeal.[2] As such, Abraham's motion to reinstate was overruled by operation of law 75 days after filing, and the trial court lost plenary jurisdiction thereafter 30 days later. TEX.R.CIV.P. 165a ;
*524 Resurgence Financial, L.L.C. v. Foster , No. 05-07-01758-CV, 2009 WL 1875568, at *1-*2 (Tex.App.-Dallas July 1, 2009, no pet.) (mem. op.). Abraham's complaint about the denial of his motion for reinstatement is ripe for our review.
Rule 165a(3) requires that the trial court "shall set a hearing on the motion as soon as practicable." Our sister courts are apparently split as to whether merely filing a motion to reinstate under TEX.R.CIV.P. 165a(3) automatically entitles a plaintiff to a reinstatement hearing, or whether the plaintiff must go further and separately request an oral hearing on his reinstatement motion. Compare Resurgence Fin., L.L.C. , 2009 WL 1875568, at *2 (holding that an oral hearing is required once the motion to reinstate is filed) with Weir v. Abebe Baraki and Khorshid , No. 05-07-00223-CV, 2008 WL 588917, *2 (Tex.App.-Dallas Mar. 5, 2008, no pet) (mem. op.) and Rainbow Home Health, Inc. v. Schmidt , 76 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied) (court of appeals cannot reverse unless the record shows the plaintiff specifically requested a hearing). We need not wade into this dispute. Even if Rule 165a(3) requires a plaintiff to separately request a hearing on a motion to reinstate, the record here clearly reflects that Abraham filed a separate written request for an oral hearing after timely moving to reinstate his case.
The trial court had notice-both constructive and actual-that a hearing was requested. By failing to schedule a hearing before the motion was overruled by operation of law, the trial court erred, and we must reverse and remand for further proceedings. See Resurgence Fin., L.L.C. , 2009 WL 1875568, at *2.
Issue Two is sustained. Because this will result in a reversal of the judgment and a remand, we decline to address Issue One as unnecessary to the resolution of this appeal. TEX.R.APP.P. 47.1.
CONCLUSION
Abraham was entitled to an oral hearing on his motion to reinstate suit before the trial court could rule, implicitly or otherwise, on the final merits of his motion. For this reason, the judgment of the trial court is reversed and we remand the case for further proceedings.

The named appellees in this case declined to file a brief in this appeal, explaining in a letter to this Court that they were never served in the underlying lawsuit. We proceed with this appeal based solely on the points raised in Abraham's appellant's brief.

We take judicial notice of the trial court's publicly-available docket entries. Tex.R.Evid. 201(b)(2) ; In re Estate of Hemsley , 460 S.W.3d 629, 638-39 (Tex.App.-El Paso 2014, pet. denied).