In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-18-00008-CV
_____

## CHARLES ANTHONY ALLEN SR., Appellant

## V.

## TRESEA JEFFERSON, YOLANDA TAMEZ, VIRGLE MILLER JR., LAQUITHA MARTIN, TRACI MAYS AND PATRICIA YOUNG, Appellees

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. CIV31300**

## MEMORANDUM OPINION

Charles Anthony Allen Sr. filed a suit for damages under the Texas Theft

Liability Act against six employees of the Texas Department of Criminal Justice,

Correctional Institutions Division[1] for confiscating and destroying Allen's personal

property during a "shake-down" at the Polunsky Unit. *See generally* Tex. Civ. Prac.

---

[1] The trial court dismissed the suit prior to service; consequently, the defendants, Tresea Jefferson, Yolanda Tamez, Virgle Miller Jr., Laquitha Martin, Traci Mays and Patricia Young, did not appear in the trial court or in this Court.

& Rem. Code Ann. §§ 134.001–.005 (West 2011 & Supp. 2017). Finding Allen failed to file a separate affidavit or declaration identifying each suit previously brought by Allen, the trial court dismissed his suit without prejudice. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (West 2017). Allen filed a motion to reinstate, which the trial court denied in a written order. The two issues Allen presents in his appeal brief complain the trial court abused its discretion by failing to conduct an oral hearing on his motion to reinstate and by invoking its inherent authority to dismiss the suit under Rule 165a of the Texas Rules of Civil Procedure. *See generally* Tex. R. Civ. P. 165a. We address the issues in reverse order and affirm the trial court's judgment.

In issue two, Allen contends the trial court abused its discretion by invoking its inherent authority to dismiss the suit under Texas Rule of Civil Procedure 165a. *See id.* Allen concedes he failed to disclose all of his previously filed suits when he filed his original petition, but he argues the error was unintentional and could have been cured in a hearing on his motion to reinstate.

Allen filed an unsworn declaration of indigence with his petition. Because Allen is an inmate, he had to identify his previously-filed lawsuits in a separate affidavit or declaration. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.004 (West 2017). Rule 165a does not apply to a dismissal for failure to comply with the

2

procedural requirements for pro se *in forma pauperis* inmate lawsuits. *Stone v. Schull*, No. 12-08-00102-CV, 2008 WL 5235575, at *3 (Tex. App.—Tyler Dec. 17, 2008, no pet.) (mem. op.).

Furthermore, when he filed his original petition, Allen also filed a three-page document titled "Previous Lawsuits," but the document was neither signed by Allen nor made by him under penalty of perjury. "When an inmate does not comply with the affidavit requirements of Section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous." *Hall v. Treon*, 39 S.W.3d 722, 724 (Tex. App.—Beaumont 2001, no pet.). When an inmate fails to comply with section 14.004, the trial court may in its discretion dismiss the suit without prejudice under section 14.003 without first conducting an evidentiary hearing. *Id.*

In his motion to reinstate, Allen alleged his original suit included a three-page section titled "Previous Lawsuits," and he identified an additional lawsuit that had been dismissed for non-exhaustion of administrative remedies and stated that the case involved the identical issue but different defendants. Given Allen's admission that his declaration of previous lawsuits was a three-page document, the trial court could conclude Allen had not inadvertently omitted a page that contained a signature and a declaration under penalty of perjury. We overrule issue two.

In his first issue, Allen argues the trial court abused its discretion by denying his motion to reinstate without holding an oral hearing. Allen requested a telephone hearing on his motion to reinstate.

Generally, a plaintiff is entitled to a hearing upon request on his motion to reinstate a case that has been dismissed for want of prosecution. *Abraham v. Acton*, 539 S.W.3d 521, 524 (Tex. App.—El Paso 2018, no pet.). Although Allen filed a motion to reinstate and requested a hearing, Rule 165a did not apply because the trial court did not dismiss the lawsuit for want of prosecution. *See generally* Tex. R. Civ. P. 165a. "[T]he procedures set out in Rule 165a(3) for reinstatement only apply when proceedings are dismissed for want of prosecution." *Morris v. Tarlton*, No. 11-13-00199-CV, 2015 WL 4523531, at *1 (Tex. App.—Eastland July 23, 2015, pet. denied) (mem. op.). We overrule issue one and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on September 14, 2018
Opinion Delivered September 20, 2018

Before Kreger, Horton, and Johnson, JJ.

4