

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ESMERALDA DOMINGUEZ and MIGUEL DOMINGUEZ, A/N/F ABRAHAM DOMINGUEZ, | § | No. 08-23-00083-CV |
| | § | Appeal from |
| Appellants, | § | 171st Judicial District Court |
| v. | § | of El Paso County, Texas |
| SOCORRO INDEPENDENT SCHOOL DISTRICT, | § | (TC# 2021-DCV-1007) |
| Appellee. | | |

## MEMORANDUM OPINION

Esmeralda and Miguel Dominguez, both individually and on behalf of their son, Abraham Dominguez, appeal the trial court's denial of their motion to reinstate the case and the dismissal for want of prosecution for failure to appear at two hearings. Because the uncontroverted facts in their verified motion to reinstate establish that their attorney's failure to appear at two hearings was not intentional or the result of conscious indifference, we reverse.

## BACKGROUND

On March 26, 2021, Appellants filed this lawsuit after sustaining personal injuries in an automobile accident with one of Appellee's school buses. The trial court's live docket control

order showed a motions hearing was set for December 6, 2022.[1] On September 19, 2022, the trial court rescheduled the motions hearing to December 13, 2022.

Appellants' trial counsel, Stephen Rushing, did not appear at the motions hearing. Two days later, on December 15, 2022, at 4:34 p.m., Appellee filed and served on Appellant' counsel a motion to dismiss for want of prosecution, and the court set a dismissal hearing for 10:00 a.m. the following day.[2] The record is silent as to what time the notice of the December 16 dismissal hearing was sent to the attorneys of record. Rushing did not appear at the dismissal hearing, and the court dismissed the case, both sua sponte and on Appellee's motion, for Rushing's failure to appear at the two hearings.

Appellants filed their response to Appellee's motion to dismiss on December 19, 2022—the next business day after the dismissal hearing—outlining the actions they had taken to pursue their claims and noting that the case was set for mediation ten days later, on December 29. Nonetheless, the trial court signed an order of dismissal on January 5, and the clerk sent notice of the dismissal on January 9, 2023. The order dismissing the case states that despite "[d]ue notice," Rushing did not appear at the motions hearing or the dismissal hearing.

On February 3, 2023, Appellants filed a motion to reinstate under Texas Rule of Civil Procedure 165a(3). In the motion, Rushing claimed his absence was not intentional or the result of conscious indifference, but that he failed to appear due to a calendaring error. Appellants requested a hearing on the motion.

---

[1] The case was set for trial on January 9, 2023, and a mediation was set for December 29, 2022.

[2] The record does not include orders setting hearings on December 13 and December 16, 2023, but Appellants do not contest that a "Zoom Hearing Notice" was sent.

The court did not set a hearing on the motion to reinstate, nor did it rule on the motion. After 75 days, it was overruled by operation of law. TEX. R. CIV. P. 163a(3).

## STANDARD OF REVIEW

We review the denial of a motion to reinstate for an abuse of discretion. *Dalmex, Ltd. v. Apparel Enters., Inc.*, 455 S.W.3d 241, 243 (Tex. App.—El Paso, 2015 no pet.) (citing *Smith v. Babcock & Wilcox Constr. Co., Inc.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam). "A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules or principles." *Id.* (quoting *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011)). "With regard to factual matters, an abuse of discretion occurs if the record establishes that the 'trial court could reasonably have reached only one decision.'" *Id.* (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)).

## APPLICABLE LAW

After a case is dismissed for want of prosecution, the trial court retains plenary jurisdiction for 30 days, during which time a party seeking reinstatement may file a motion to reinstate the case. *Novoa v. Viramontes*, 553 S.W.3d 45, 50 (Tex. App.—El Paso 2018, no pet.) (citing *Smith*, 913 S.W.2d at 468); TEX. R. CIV. P. 165a(3). "A motion to reinstate, much like a motion for new trial, extends appellate timetables and lengthens the duration of the trial court's plenary power over the case." *Abraham v. Acton*, 539 S.W.3d 521, 523 (Tex. App.—El Paso 2018, no pet.). However, an *unverified* motion to reinstate does not extend the trial court's jurisdiction beyond the ordinary 30-day window. *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (per curiam); *Novoa*, 553 S.W.3d at 51. If the trial court does not rule on a timely filed motion to reinstate within 75 days of the motion's filing date, the motion is deemed overruled by operation of law, and the trial court's

plenary jurisdiction ends 30 days later. *Abraham*, 539 S.W.3d at 523 (citing TEX. R. CIV. P. 165a(3)).

"[A]n oral hearing is required on *any* timely filed motion to reinstate under rule 165a." *Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991) (per curiam) (emphasis in original) (quoting *Gulf Coast Inv. Corp. v. NASA 1 Bus. Ctr.*, 754 S.W.2d 152, 152 (Tex. 1988) (per curiam denying writ)). The court "shall reinstate the case upon finding after a hearing that the failure of the party or his attorney [to appear] was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." *Smith*, 913 S.W.2d at 468 (quoting TEX. R. CIV. P. 165(a)(3)). This standard is essentially the same as that for setting aside a default judgment. *Dalmex*, 455 S.W.3d at 243 (citing *Smith*, 913 S.W.2d at 468).

## ANALYSIS

Appellants raise three issues on appeal. First, they contend the trial court erred by failing to hold a hearing on their motion to reinstate. Second, they argue the trial court should have reinstated their case because the uncontroverted allegations in their motion demonstrated that Rushing's failure to appear was not intentional or the result of conscious indifference. Last, they maintain the trial court failed to provide adequate notice of the dismissal hearing.

In addition to responding to each of Appellants' points, Appellee also contends this Court lacks jurisdiction because Appellants failed to properly verify their motion to reinstate and thus did not extend the appellate timetables, making their notice of appeal untimely. Because this point is jurisdictional, we address it first.

4

### A. Was Appellants' motion to reinstate verified?

Appellee contends Appellants' motion to reinstate was not properly verified because it does not include the declarant's date of birth or address. Appellee also argues that the signed motion is neither an affidavit nor an unsworn declaration because the attorney's signature appears after the notary's jurat on a signature block merely reflecting the signature required on all pleadings by Texas Rule of Civil Procedure 57. Thus, Appellee contends that because the motion is not properly verified, the trial court was not required to act upon the motion, and we do not have jurisdiction over this appeal, as it did not serve to extend the right to appeal beyond 30 days after the dismissal.

Appellants argue the motion is verified, as it meets the statutory definition of an affidavit or alternatively substantially complies with the form required for an unsworn declaration. Therefore, they maintain we have jurisdiction over the appeal, as they timely filed it. We agree with Appellants and conclude the motion constitutes a valid affidavit.

Rule 165a(3) requires a motion to reinstate to "be verified by the movant or his attorney." "The plain language of [Rule 165a] requires that the motion be verified but it is silent as to the form of the verification." *Andrews v. Stanton*, 198 S.W.3d 4, 7–8 (Tex. App.—El Paso 2006, no pet.). A verification is "[a] formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *Id.* at *8 (quoting Black's Law Dictionary 1556 (7th Ed. 1999)).

An affidavit of counsel is sufficient to verify a Rule 165a motion. *Id.* The Government Code defines an affidavit as a signed, written statement of facts, sworn to before an officer authorized to administer oaths, and certified under his seal. TEX. GOV'T CODE ANN. § 312.011(1); *In re Allstate Indem. Co.*, 622 S.W.3d 870, 879 n.6 (Tex. 2021). "[N]o particular terminology is required to render a document an affidavit because it is the substance and not the form of an

affidavit that is significant." *Acme Brick, a Div. of Justin Indus., Inc. v. Temple Assocs., Inc.*, 816 S.W.2d 440, 441 (Tex. App.—Waco 1991, writ denied).

Appellants' motion to reinstate meets the statutory requirements of an affidavit. The motion includes a section titled "DECLARATION" following the prayer. It reads:

I declare under penalty of perjury that:

1)        I am above the age of eighteen years,

2)        I am fully competent to make this declaration, and

3)        The facts stated in this *Verified Motion to Reinstate* are within my personal knowledge and are true and correct.

The document then states that it was "sworn to and subscribed"[3] before a licensed notary public and includes the notary's signature, name, and seal, as well as the date. Rushing's signature block, containing his signature and office information, follows.

Appellee's argument regarding Rushing's signature placement is inapposite because "[t]he law does not direct or guide where the necessary signature is to be located." *Acme Brick, a Div. of Justin Indus., Inc. v. Temple Associates, Inc.*, 816 S.W.2d 440, 441 (Tex. App.—Waco 1991, writ denied), *citing Kohn v. Washer*, 6 S.W. 551, 552 (1887). What matters is whether the document was signed "for the purpose of subscribing to the instrument," as is the case here. *Id.* at 441. The fact that Rule 57 requires Rushing's signature on the motion does not prevent the signature from also swearing to the truth of the facts stated in the motion.[4]

---

[3] Capitalization omitted.

[4] We need not reach Appellee's argument about the motion missing Rushing's birthdate because that issue is relevant only for an unsworn declaration used in lieu of an affidavit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(d); *Hays St. Bridge Restoration Grp. v. City of San Antonio*, 570 S.W.3d 697, 702 n.15 (Tex. 2019). Here, we conclude the motion constitutes a valid affidavit, thus the unsworn-declaration requirements are immaterial.

The motion constitutes a valid affidavit because it is a signed, written statement of facts, sworn to before a licensed notary public, and certified under the notary's seal. We thus have jurisdiction over this appeal, as the trial court's dismissal order was entered on January 5, 2023; the verified motion to reinstate was filed within 30 days, extending the appellate timetable; and the notice of appeal was filed on April 3, 2023. TEX. R. APP. P. 26.1(a)(3).

## B. Must Appellants' case be reinstated?

Having found that we have jurisdiction, we turn to Appellants' second issue on appeal in which they urge us to reinstate the case because their motion provided uncontroverted evidence that their attorney missed the two hearings due to a calendaring error, which was not intentional or the result of conscious indifference. Appellee contests the characterization of the error as a calendaring mistake and instead asserts that Appellants' attorney acted with conscious indifference by ignoring notices he admittedly received. Appellee also argues that the court coordinator's telephone contact with the attorney's office and the e-service of the motion to dismiss are evidence that Appellants' attorney knew about the dismissal hearing and simply chose to not attend.

The trial court is required to "reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX. R. CIV. P.165a(3) "A failure to appear is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification." *Smith*, 913 S.W.2d at 468. "Proof of such justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Id.* (citing *Bank One, Tex., N.A. v. Moody*, 830 S.W.2d 81, 84 (Tex. 1992)). Thus, "[a] trial court abuses its discretion in denying reinstatement following a dismissal for want of prosecution when

an attorney's explanation for a failure to appear is reasonable." *Dalmex*, 455 S.W.3d at 244. "Some

excuse . . . is enough to show lack of conscious indifference." *Id.*

If the factual assertions of the party seeking reinstatement are uncontroverted, he has

satisfied his burden so long as the motion includes facts that, if true, show his errors were not

intentional or the result of conscious indifference. *Dalmex*, 455 S.W.3d at 244 (citing *Evans*, 889

S.W.2d at 268). *Evans*, 889 S.W.2d at 269.

> Here, in their motion to reinstate, Appellants explained:

> Plaintiffs' failure was due to an explainable reason. Specifically, the Zoom Hearing Notice for the hearings set for December 13, 2022 and December 16, 2022 was sent only directly to Plaintiffs' counsel (Stephen Gregory Rushing). The notice did not include other staff members of Plaintiffs' counsel . . ., all of who[m] are listed under the "Service Contacts" from the filing date of Plaintiffs' Original Petition. This omission is crucial considering these same staff members are who maintain the firm's calendar for Plaintiffs' counsel . . . . Hence, the December 13, 2022 and December 16, 2022 hearings were not ever entered unto Plaintiffs' counsel['s calendar].

While Appellee focuses on the fact that Rushing received notice of the hearings, not

receiving notice is only *one* way that an attorney can show that he did not act with conscious

indifference. Here the question is whether, despite receiving notices, Rushing had a reasonable

explanation for his failure to attend the hearings. Failure to properly calendar a hearing does not

amount to intentional conduct or conscious indifference. *Dir., State Emps. Workers' Comp. Div.

v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994); *Dalmex*, 455 S.W.3d at 244. Indeed, "[a]n excuse

need not be a good one to suffice." *Dalmex*, 455 S.W.3d at 244 (quoting *Milestone Operating, Inc.

v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012) (per curiam)). Rushing's belief that his

staff members, who were service contacts, would also receive notice of the hearing and calendar

them accordingly suffices as a reasonable explanation for his failure to attend.

Next, we must decide whether Appellee provided any evidence controverting this explanation. Appellee did not file a response to the motion but argues that the statements made at the hearing and the proof that the motion to dismiss was served on Rushing's staff refute Appellants' explanation for Rushing's failure to appear and support a finding that he acted with conscious indifference. Appellee compares this case to cases in which communications between court staff or the court and the absent attorney were sufficient to show that the attorney acted with conscious indifference. For example, in *Henderson,* the attorney claimed he did not appear because he believed he was on standby. *Henderson v. Lewis*, No. 07-14-00445-CV, 2015 WL 2375372, at *2 (Tex. App.—Amarillo May 15, 2015, no pet.) (mem. op.). But the evidence at the hearing contradicted the attorney's excuse. The court coordinator stated that she never told the attorney he was on standby; that the attorney told the court coordinator they were not ready for trial because of a pending motion to withdraw; and that he was told he still needed to appear. *Id.* at *2. Appellee also cites *Cabrera*, which held that a motion to reinstate was properly denied because the attorney refused to attend hearings even after being called by the judge. *Cabrera v. Cedarapids Inc.*, 834 S.W.2d 615, 618 (Tex. App.—Houston [14th Dist.] 1992), writ denied, 847 S.W.2d 247 (Tex. 1993).

At the hearing in this case, the following exchange occurred regarding communications with Rushing's office:

> THE COORDINATOR: Judge, when I was calling, I was asking for Mr. Rushing. He would say, yes. I would say, Okay, this is Mr. Rushing. And he would say, yes. And right now when I called and they said he was a paralegal, Mr. Eddie. It's Eddie his paralegal, but it's the same person I spoke to yesterday and today. But when I would call I would ask for Mr. Rushing and he would tell me that it was him. And right now he said it was Eddie, his paralegal.

THE COURT: Okay. So, do you think they are playing games with you, Ms. Mata?

THE COORDINATOR: I think so, Judge. At this point, yes. It's the same person I spoke to yesterday.

THE COURT: He called yesterday. He said or he had – he – whoever it was. He told my court coordinator that a mediation is set in this case and how could I dismiss it.

.    .    .

THE COURT: I made it clear to him that somebody had to appear, or Ms. Mata made it clear to him on Wednesday.

This case is different from those cited by Appellee. The statements by the court coordinator are ambiguous at best. It is unclear who she spoke with; when she spoke to them; what, if anything, she told them about the hearing; and whether appearing at the hearing was ever discussed. Furthermore, the statements made by the trial judge are not evidence. A judge may not testify as a witness, and no objection is needed to preserve that error. TEX. R. EVID. 605. The Fourteenth Court of Appeals, faced with almost identical facts, disregarded testimonial statements in the record made by the trial court. *Mack v. Ret. Hous. Found.*, 627 S.W.3d 391, 397 (Tex. App.—Houston [14th Dist.] 2021, no pet.). In that case, the Appellant filed a motion to reinstate alleging she had not received notice of the trial assignment. *Id.* at 395. At the hearing on the motion to reinstate, the trial court recounted his "personal recollection" that court staff had conversations with the attorney about the hearing date and whether it would be continued. *Id*. at 396. The court of appeals held that the court's "statements cannot be relied on as evidence to support the deemed denial of Mack's motion to reinstate." *Id.* at 397-98; *see also O'Quinn v. Hall*, 77 S.W.3d 438, 446, 448 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) (in a 306a hearing to determine when a party received notice of a court order, the court could not supply evidence based on its own personal knowledge that its staff gave notice of the order to all attorneys). Even if we could consider the

trial court's statements, they suffer from the same lack of specificity as the court coordinator's statements.

Finally, Appellee argues that evidence supplied at the hearing reflected that Rushing's staff in charge of scheduling received notice of the hearing, thus contradicting his claim. However, the record only shows evidence of Rushing's paralegal having received and opened the motion to dismiss, which is not evidence that the notice of the hearing was sent to the paralegal:

> Appellee's counsel: . . . I have also filed a *motion to request that the Court dismiss for want of prosecution*, and that was filed, and this was e-served on Mr. Rushing. They knew--they know about this hearing today. They knew at [sic] the motions hearing.
>
> The Court:     Did they open up their e-mail, [court clerk]?
>
> The Clerk:     Judge, I do show that Mr. Rushing did not open his e-mail; however, [the paralegal] did from his law firm.

(emphasis added).

The Appellee therefore presented no evidence controverting Rushing's reasonable explanation for his failure to appear.

As there was no hearing on Appellants' motion to reinstate, and Appellee did not otherwise provide the court with any evidence negating Appellants' excuse for their attorney's failure to appear, the trial court could have reached only one result: Appellants' attorney's failure to appear was due to a calendaring mistake and was not intentional or due to conscious indifference. *See id.*; *Lindsey v. Haynes*, No. 04-21-00484-CV, 2022 WL 17971313, at *4 (Tex. App.—San Antonio Dec. 28, 2022, no pet.) (mem. op.). The trial court thus abused its discretion in failing to reinstate Appellants' case. *See Dalmex*, 455 S.W.3d at 244.

Issue Two is sustained. Because we sustain Appellants' second issue, we do not reach their third issue, in which they seek the same relief by challenging the adequacy of notice they received

from the trial court regarding the dismissal hearing, or their first issue, in which they seek a hearing on the motion for reinstatement. *See* TEX. R. APP. P. 47.1; *Abraham*, 539 S.W.3d at 524.

## CONCLUSION

We reverse the denial of Appellants' motion to reinstate and remand the cause to the trial court to be reinstated on its docket.

LISA J. SOTO, Justice

December 21, 2023

Before Palafox, J., Soto, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.) (Sitting by Assignment)

12